## McFETRIDGE, BURCHARD & Co. v. PIPER ET AL.

1. **Common Carrier:** STOPPAGE IN TRANSITU. The vendor retains the right of stoppage *in transitu* after the goods have arrived at the place of destination and before delivery by the carrier.

2. ———: ———: WAREHOUSEMAN. If, after their arrival. they are stored in a warehouse by the carrier as agent of the consignee, the vendor's right of stoppage is by that fact terminated.

*Appeal from Mitchell District Court.*

WEDNESDAY, JUNE 16.

REPLEVIN for goods shipped by plaintiffs to one Lutz, at Osage, which were siezed upon an attachment by defendant,

Piper, issued in an action by his co-defendants. The goods were transported upon the Illinois Central Railroad, which is also made a defendant. The plaintiff claims the goods as the vendor thereof under the right of stoppage *in transitu.* The defendants claim as attaching creditors of the consignee of the goods. The plaintiffs demurred to the answer of defendants, setting up the claim under which they took and hold the goods. The demurrer was sustained, and defendants appeal.

*L. M. Ryce,* for appellants.

*Cleland & Eaton,* for appellee.

Beck, J.—The answer alleges that the goods were shipped to Lutz, at Osage, and when taken upon the writ under which defendants claim to hold them, were in the possession of the common carrier, the Illinois Central Railroad Company, which had received them for transportation, and they had reached the place of destination. The railroad company held the goods as a common carrier when they were seized. The first question presented is this: Does the vendor retain the right of stoppage *in transitu* after goods have reached the place of destination, and before they have passed out of the possession of the carrier?

The arrival of the goods at the place of destination will not defeat the vendor's right to take them. That right will only be terminated by the goods passing into the actual or constructive possession of the vendee. Hence the inquiry in such cases must always be: have the goods passed into the possession of the purchaser? The carrier is authorized to hold the goods until delivered to the consignee, and if they be removed from cars or vessels to a warehouse used by the carrier for the storage of goods transported, they remain in his possession. If they be held by the carrier as the agent of the consignee, the vendor's right is terminated, but if they be held without such relation existing between the carrier and vendee, the vendor may seize them. *O'Neil v. Garrett,* 6 Iowa, 480; *Alsberg, Jordan & Co. v. Latta,* 30 Iowa, 442; *Covel v. Hitchcock,* 23 Wend., 611.

<div style="margin-left:2em">1. COMMON carrier: stoppage in transitu.</div>

Angel on Carriers, § 340, et seq. Benjamin on Sales, p. 707 and 714.

The answer fails to allege the delivery of the goods to the vendee, or that they were held by the carrier as his agent. It, therefore, failed to state a sufficient defense to plaintiff's claim of right to take the goods, while in the possession of the carrier.

Defendants' counsel discusses other questions which do not arise upon the demurrer. He insists that the plaintiffs did not exercise their right within a reasonable time, that Lutz was insolvent at the time of the purchase of the goods, and that judgment ought not to be absolute, as the defendants paid the freight on the goods, and are entitled to hold them until they are reimbursed for that outlay. But these questions were not raised by the demurrer, and as their determination rests upon facts of which the record is silent, we cannot consider them. The judgment of the District Court is

AFFIRMED.