JOHN B. WHITE v. WILLIAM R. MITCHELL ET AL.

*Stoppage in transitu—Local delivery.*

Vendors may rescind a sale procured by fraud.

Goods are *in transitu* when in the hands of a carrier for local delivery.

Error to Saginaw. Submitted Jan. 30. Decided Feb. 1.

TRESPASS ON THE CASE. Defendant·brings error.

*Timothy E. Tarsney* for plaintiff in error. The transit of goods ends when they have reached the place named by buyer and seller as the place of destination, *Rowe v. Pickford*, 8 Taunt., 83; *Dixon v. Baldwen*, 5 East, 185; *Leeds v. Wright*, 3 B. & P., 320; *Valpy v. Gibson*, 4 M. G. & S., 837; the right of stoppage *in transitu* ends if the goods have come into the possession of the vendee's agent or servant, *Scott v. Pettit*, 3 B. & P., 469; insolvency of the vendee does not warrant the stoppage of goods in transit to him unless it·took place between the sale and the assertion of the right. *Rogers v. Thomas*, 20 Conn., 53.

*Dan P. Foote* for defendant in error. A vendor who finds the purchaser to whom he has sent goods is insolvent, may stop them in transit, 1 Pars. Cont., 595; his right to do so continues till there has been actual or constructive delivery (*Hoover v. Tibbits*, 13 Wis., 79; *Harris v. Pratt*, 17 N. Y., 249; *Calahan v. Babcock*, 21 Ohio St., 281; *Mottram v. Heyer*, 5 Den., 629) whatever the mode of transit, *Aguirre v. Parmelee*, 22 Conn., 481; *Palmer v. Hand*, 13 Johns., 434; *Buckley v. Furniss*, 15 Wend., 137: 17 Wend., 504; *Covell v. Hitchcock*, 23 Wend., 611; the right exists even where the vendee was insolvent at the time of sale, if the fact was not known, *Benedict v. Schaettle*, 12 Ohio St., 515. But see *Rucker v. Donovan*, 13 Kan., 251: 19 Amer., 84, denying the right as against vendors to attach goods which one has stopped in transit, paying the freight charges, though he has the right of possession until repayment of his advances.

CAMPBELL, C. J. In this case trover was brought by the original vendors of goods against a sheriff who had seized them on attachment before they had come into the purchaser's possession. The purchaser made his

bargain on the 19th of May, 1876; the goods were sent from New York on the 22d May, directed to the purchaser, one Christian Sternhagen, at East Saginaw, and arrived at that place on or before May 29th. On May 23d Sternhagen absconded and never came back. On the 24th his stock of goods was all taken on a chattel mortgage and his store closed.

On the 29th attachments were sued out. On the same day the railway company placed the goods in question in custody of Hendrie & Co., a company engaged in the local delivery to persons in East Saginaw, and while in their possession the attachments were served. The sheriff paid the freight.

Sternhagen was insolvent when the bargain was made for the goods, and this was unknown to the vendors.

The only question raised on the record is whether the testimony was inconsistent with any right on which plaintiffs could possibly recover. We are not clear that this question is really presented in sufficient form. But as we think there was testimony enough to act upon, we shall not critically examine the question of practice. There should have been a request for a finding of facts.

The testimony in the record is consistent in the first place with the absence of any sale whatever. Although the record does not show with certainty that the purchase was made in East Saginaw, it has some tendency to show it, and the fact was admitted. If this was so —and it is at least a possible inference—then the sale was void under the statute of frauds, there being neither writing, delivery, nor earnest money.

It is also consistent with and tends to prove a fraudulent sale, which the vendors had a right to rescind.

But we see no difficulty about the claim of stoppage *in transitu.* Hendrie & Co. seem to have been, and on this record it is enough that they may have been, intermediate carriers between the railway and consignee, just as the railway was such a carrier between the New York

carriers and East Saginaw. They had no employment or authority to act for Sternhagen, and their possession was not his possession. The goods were clearly in transit when they were taken.

As to the other questions concerning the sheriff's advances and the value of the goods, they do not arise on the record.

The judgment must be affirmed with costs.

The other Justices concurred.