CLAPP BROS. & CO. v. PECK ET AL.

1. **Stoppage in Transitu**: DELIVERY: STORAGE BY CARRIER. Where goods shipped by the vendor to the vendee are stored by the carrier in its warehouse at the place of their destination, because of a failure of the vendee to remove them, the right of stoppage *in transitu* remains while they are so stored.

2. ——: GOODS SOLD ON CREDIT. The fact that goods are sold on credit will not defeat the vendor's right of stoppage *in transitu*.

3. **Evidence**: RIGHT OF PARTY TO CONTRADICT HIS OWN WITNESS. While a party cannot impeach his own witness, he may prove facts by other testimony in direct contradiction to the testimony of such witness.

*Appeal from Bremer District Court.*

WEDNESDAY, DECEMBER 15.

THE intervenor, the Mason & Hamlin Organ Co., doing business at Chicago, Illinois, sold on credit and shipped to the defendant Peck, at Waverly, Iowa, two organs. The shipment was made by the Illinois Central Railroad. The organs arrived at Waverly in the latter part of December, 1879. They were unloaded from the car in which they were shipped, and stored in the depot of said railroad company at Waverly, where they remained, the freight thereon being unpaid. The defendant Peck was forced into a suspension of business by reason of insolvency, about January 1, 1880. On the 3d day of January, 1880, the sheriff of Bremer county levied an attachment upon said organs, they being at the time in the said railroad depot. The attachment was at the suit of the plaintiffs against the defendant Peck. The Organ Company intervened in the action, claiming the right to reclaim said property, and averring that notice of such right had been given to the sheriff, and to the defendant, and to plaintiffs' attorneys. The cause was tried by the court with-

out a jury. Judgment was rendered for the intervenor, and plaintiffs appeal.

*E. A. Dawson,* for appellant.

*E. L. Smalley,* for appellee.

ROTHROCK, J.—I. In *Cox v. Burns & Rentgen,* 1 Iowa, 64, it was determined that an unpaid vendor had the right to

1. STOPPAGE in transitu: delivery: storage by carrier. reclaim goods while in transit, and that the right continued until there was an actual or constructive delivery of the possession to the vendee. In *McFetredge, Burchard & Co. v. Piper,* 40 Iowa, 627, it was held that if, after the arrival of the goods at the place of destination, they are stored in a warehouse by the carrier, as agent of the consignee, the vendor's right of stoppage *in transitu* is terminated.

The material question in this case is whether they were stored in the depot by the railroad company as the agent of the defendant Peck. Peck testified as a witness in the case, and stated that an arrangement was made by him with the railroad agent, by which he stored and kept the goods for him. The agent testified that no such arrangement was made, but that the goods were stored simply because they were not taken away by Peck the consignee. We think the latter view is the correct one, but whether there be a preponderance of evidence to that effect or not we would not disturb the judgment, the evidence being conflicting.

II. It is insisted that, as the organs were sold on time, the right to stop the goods does not exist. In Kent's Com., Vol.

2. ———: goods sold on credit. 2, 540, it is said in defining the right, that " it is the right which the vendor, when he sells goods on credit to another, has of resuming the possession of goods while they are in the hands of a carrier or middle man, in their transit to the consignee or vendee, and before they arrive into his actual possession, or to the destination which

he has appointed for them, on his becoming bankrupt or insolvent." See, also, *Cox v. Burns & Rentgen, supra.*

III. The defendant Peck was called as a witness by the intervenor. Afterward the agent of the railroad company was called as a witness by the same party and testified to a different state of facts from that testified to by Peck. This was objected to by appellant because it was contradicting the intervenor's own witness, Peck, upon the same question. A party will not be permitted to impeach the general reputation of his witness, or impugn his credibility by general evidence showing him to be unworthy of belief. 1 Greenleaf on Ev., Sec. 442. But this rule does not preclude a party calling a witness from proving the truth of any particular fact by any other competent testimony in direct contradiction to what such witness may have testified. 1 Greenleaf on Ev., Sec. 443. See, also, *Thorn & Stein v. Moore*, 21 Iowa, 285.

*3. EVIDENCE: right of party to contradict his own witness.*

IV. Other questions are made as to the admission and exclusion of evidence. We have examined them and find no error in the rulings of the court thereon. A discussion of them is unnecessary. They involve plain questions of law, a statement of which would demonstrate the correctness of the rulings of the court.

AFFIRMED.