HEINZ *et al.* v. THE RAILROAD TRANSFER COMPANY, *Appellant.*

.1. **Sale:** STOPPAGE IN TRANSITU. Where the vendee of goods becomes insolvent while they are *in transitu,* the vendor has the right to stop their delivery; and such right can be exercised until actual delivery to the vendee, or circumstances equivalent thereto.

·2. ———: ———, Such right of stoppage *in transitu* exists, although the sale be conditional or on credit.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Chase & Powell* for appellant.

Plaintiffs' instructions were erroneous in that they ·ignored the question of the delivery of the goods to the purchasers. The goods had been sold on time and deliv

ered to the consignee, the *transitus* was ended prior to the commencement of the suit, and the vendor's right was then gone, and they should not have recovered. *Sawyer v. Joslin*, 20 Vt. 172; *Conners v. Transportation Co.*, 6 Am. Law Reg. 214; *Pequer v. Taylor*, 38 Barb. 371; *Clark v. Masters*, 1 Bosw. 177; Benjamin on Sales, §§ 822, 840, 841, 846, 851; *Keeler v. Goodwin*, 111 Mass. 490; *Cooper v. Bild*, 3 H. & C. 722. Where special property remains in a common carrier till freight is paid, the possession of the vendee is then complete, and the right to stop *in transitu* is ended. *Crawshay v. Eads*, 1 B. & C. 181; *Foster v. Fowler*, 6 B. & C. 10; *Richardson v. Gros*, 3 Bosanq. & Pul. 118. The goods were not only delivered to the consignees, but were by the latter pledged for an existing debt before beginning of this suit. Appellants were innocent purchasers for value, and plaintiffs could not recover. *M. C. R. R. Co. v. Phillips*, 60 Ill. 190; *O. & M. R. R. Co. v. Kerr*, 49 Ill. 459; 13 I⁰. 610; 21 Ill. 330; 32 Ill. 425; 40 Ill. 321. What amounts to a delivery of goods when the facts are admitted, is a question of law. *Williams v. Evans*, 39 Mo. 206; *Hatch v. Bagby*, 12 Cush. 29; *Ober v. Carsons*, 63 Mo. 214; *S. W. F., etc., Press Co. v. Stanard*, 44 Mo. 71. The verdict is against the overwhelming weight of evidence, and should have been set aside by the trial court.

*Lathrop & Smith* for respondents.

This court will not reverse a cause, even if it believes the verdict is against the weight of evidence. *Penn v. Lewis*, 12 Mo. 161; *Price v. Evans*, 49 Mo. 396; *Rea v. Ferguson*, 72 Mo. 225; *Grove v. City of Kansas*, 75 Mo. 672. The instructions, if anything, are too favorable to defendant *Adams v. Clark*, 9 Cush. 215; *Donath v. Broomhead*, 7 Pa. St. 301; *Newhall v. Vargas*, 13 Me. 93; *Mohr v. Railroad Co.*, 106 Mass. 67. The right of the plaintiffs to recover in this case can be sustained under the evidence upon the ground of a rescission of the contract.

SHERWOOD, J.—Action for damages because of the conversion of a small lot of goods. The goods were shipped from Buffalo, N. Y., to Strayer & Butler, of Kansas City, on the 22nd of February, 1878, and arrived at the depot in Kansas City on March 5th of that year, and were taken away from the depot on or about that day, though it does-not definitely appear just when they were removed from the depot. The controlling question in this case is, whether a conversion of the goods in controversy, by the defendant. company, has occurred and this question hinges upon another, to-wit: whether a delivery of the goods took place prior to their being demanded by the plaintiffs from the defendant company. The goods in the store of Strayer & Butler were attached on February 21st, 1878, and by successive attachments within a few days thereafter. On the 30th of April, 1878, the plaintiffs at Buffalo, N. Y., received from Strayer & Butler the following postal card :

" *Gents :*—Suppose you have heard of our failure and would not wish us to receive your goods at our depot. Please give us directions by return mail and much oblige,

Yours truly,

STRAYER & B.

Kansas City, Mo., 3-30, '78.                    Pr. Strayer."

And on April 29th, 1878, the plaintiffs also received from the defendant company the following letter :

" OFFICE OF R. R. TRANSFER Co., 120 & 122 W. Third St., }
Kansas City, Mo., April 27th. }

MESSRS. HEINZ, PREECE & M.

*Gents :*—Sometime ago you shipped two boxes to Strayer & Butler, of this City. Before their arrival the firm were closed by attachment. As I had claims on them amounting to $17 I attached the two boxes shipped by you for freight. The drayage on the boxes is $2.80, making a total of $19.80. I will reship your goods on payment. of the above amount. You can either send a draft, or I.

will ship and put the amount on back charges on your giving a guarantee that the amount will be paid on arrival of the goods.                        Yours Respy.

Wm. W. Brown, Supt."

This case involves the right of stoppage *in transitu,* which, of course, is based on the insolvency of the buyer. The vice of the instructions, given on behalf of the plaintiffs, consists in this, that they wholly ignore the question of whether the transit was at an end and the goods delivered. This right had its origin in courts of equity, and is based on that very obvious principle of justice and equity that one man's goods should not be applied to the payment of another man's debts. *D'Aquila v. Lambert,* 2 Edw. 77 S. C. Amb. 399.

"The transit is held to continue from the time the vendor parts with the possession until the purchaser acquires it; that is to say from the time the vendor has so far made delivery that his right of retaining the goods and his right of lien,   *   *   are gone, to the time when the goods have reached the actual possession of the buyer." "The stoppage *in transitu* is called into existence for the vendor's benefit after the buyer has acquired title and right of possession and even constructive possession but not yet actual possession." 2 Benj. on Sales, pp. 1069, 1070. "Until the delivery is actual and absolute, the seller may suspend it and invoke the authority of any intermediary to effect it." And the insolvency of the purchaser is a sufficient justification for exercising the seller's right, though the sale be unconditional and time be given the purchaser. *Keeler v. Goodwin,* 111 Mass. 490, and cas. cit. Chancellor Kent says the right of the seller to stop the goods "will continue until the place of delivery be in fact the end of the journey of the goods and they have arrived to the possession or under the direction of the vendee himself." 2 Kent Com., 544. And other authorities hold that the *transitus* is not at an end " until the goods have come to the actual possession of the

vendee, or circumstances equivalent thereto." *Buckley v.. Furniss*, 15 Wend. 137; *Covell v. Hitchcock*, 23 Wend. 611;. *Edwards v. Buwer*, 2 N. & W. 375. In this case it is exceedingly doubtful whether there was any delivery of the goods, actual and absolute, or circumstances equivalent thereto. It strikes one on reading the evidence showing the manner in which the goods were received, the lids of the boxes turned over so as to hide the name of the consignees, and the shifting of the goods about from place to place in a clandestine manner, that the delivery of the goods, other than a mere colorable one, has never occurred. It is urged that the judgment may be affirmed on the ground of the rescission of the contract. But the cause was not tried on this theory, and no instructions given with that view. Besides if a delivery occurred it may have been prior to the rescission.

For the error in failing to instruct the jury on the point of delivery and its incidents, the judgment should be reversed and the cause remanded. All concur.