SOLOMON KLEIN *et al.*, Appellants, v. WILLIAM
FISCHER, Respondent.

St. Louis Court of Appeals, April 24, 1888.

1. PRACTICE—OBJECTIONS TO ANSWER.—Objections to the insufficiency
of an answer should be presented at the trial, or in a motion for
new trial. They come too late to be noticed when offered first in
the appellate court.

2. ―――― DECLARATION OF LAW.—A declaration of law, that, "under
the evidence, the right of stoppage in transit of the goods in con-
troversy existed at the time of the institution of this suit, and
plaintiffs are entitled to recover," is properly refused by the court
sitting as a jury, as being not only objectionable in form, but a
faulty finding upon the facts in controversy, instead of a declara-
tion of law.

3. VENDOR AND VENDEE—STOPPAGE IN TRANSITU.—Where a vendor
shipped goods from Cincinnati to the vendee in St. Louis, and
while they were yet in the carrier's freight-house, the vendee sold
them to a purchaser, who caused them to be removed and depos-
ited in his store-house, the right of stoppage *in transitu* thereupon
ceased, and the vendor could not afterwards take possession of the
goods, by reason of the purchase money being unpaid and the
insolvency of his vendee.

APPEAL from the St. Louis Circuit Court, HON.
DANIEL DILLON, Judge.

*Affirmed.*

NATHAN FRANK, for the appellants: The right of
stoppage *in transitu* of the goods in controversy on the
part of the vendors existed, and the court should have
so ruled. *Estey v. Truxel,* 25 Mo. App. 238; *Schwaba-
cher v. Kane,* 13 Mo. App. 126; *Lacken v. Rhoades,* 51
N. Y. 641; *Lentz v. Flint,* 53 Mich. 444; *Greave v.
Dunnam,* 60 Iowa, 108; *Rosenthal v. Dessau,* 11 Hun,
49; Hutchinson on Carriers, secs. 409–10; 3 Wood's
Railway Law, p. 1583, secs. 433–4; Benj. on Sales, secs.

839-44. The right to rescind and recover the goods under the facts ought to have been held to be in the plaintiff. *Bedault v. Wales*, 19 Mo. 36; *Thomas v. Freligh*, 9 Mo. App. 157; 1 Benj. on Sales [Corbin's Am. Ed.] sec. 656 and note. Judgment in this case is unauthorized by the laws of the state of Missouri. The defendant, in his answer, simply put in a general denial. The plaintiffs had obtained possession of the goods; the defendant must, in his answer, claim them and demand return of them, otherwise the court cannot, upon a finding in his favor, give judgment against the plaintiffs for their value, as was done in this case. Rev. Stat., sec. 3854; *Young v. Glascock*, 79 Mo. 574.

E. T. FARRISH, for the respondent: The right of stoppage *in transitu* had no application in this case. There had been a complete delivery, and that effectually ended all question of stoppage *in transitu*. Benj. on Sales, sec. 1246. The objection raised by appellants, that the judgment in this case is unauthorized, because the answer does not claim the property and demand a return thereof, comes too late. The case was tried as though the answer embodied such claim, there was no such objection raised at the trial or on motion for new trial, and hence the decision in *Young v. Glasscock*, 39 Mo. 574, cited by appellants' counsel, is not conclusive of this case. *Mueller v. Kaessmann*, 84 Mo. 331.

PEERS, J., delivered the opinion of the court.

The record in this case discloses the following facts: Plaintiffs sold to Schoettler Brothers, who were doing a grocery business and dealing in whiskey and wines, the goods in controversy. At the time the salesman of plaintiffs sold the goods to Schoettler Brothers, they had been boycotted by some organization and were doing a "slow business," but told the salesman they were coming out all right. At that time they owed the plaintiffs for a bill of goods previously purchased. The

salesman of plaintiffs, whose business house was in Cincinnati, solicited the order, and when Schoettler Brothers declined to buy, offered extra inducements and the purchase was made.

On the tenth day of April following the Schoettler Brothers made an assignment, and immediately thereafter turned over to defendant Fischer, to whom they were indebted, the bill of lading of the goods in question, and took from him a receipt for the amount they were indebted to him, telling him they had made an assignment. These goods had not been brought to the storehouse of Schoettler Brothers, but were still stored at the depot or freight-house of the Ohio & Mississippi Railway Company. Defendant Fischer presented the bill of lading to the railway company, received the goods, and stored them in his cellar. Some days afterwards the plaintiffs sued out their writ of replevin, secured the goods, and now claim them under the right of stoppage in transit, and the right to rescind upon discovery of the insolvency of Schoettler Brothers. The cause was tried before the court without a jury and judgment rendered for the defendant.

The motion for new trial is based upon erroneous instructions given and refused, erroneous finding upon the law and evidence, and newly-discovered evidence.

It is not material in this proceeding whether or not Schoettler Brothers told Fischer they had made an assignment. If this were a suit between Fischer and the assignee claiming the property for the benefit of all the creditors, this question, and the further question as to whether the assignment itself carried these goods, might be important.

As to the alleged error of the court in not granting a new trial on account of newly-discovered evidence, it is only necessary to say that a careful reading of the affidavit and matter attached discloses nothing affecting the merits of the case, and the court properly refused a new trial on that ground.

The objection raised by appellants that, because of

the insufficiency of the answer the judgment was not warranted, is not well taken. If there was anything in this point it should have been called to the attention of the trial court when the testimony was being offered, and most certainly in the motion for new trial, neither of which was done, but the trial proceeded and the judgment was rendered as if the answer were full and sufficient. It is too late to raise the question here for the first time.

This brings us to the further question, did the court properly declare the law? The instructions are lengthy and numerous, and we deem it unimportant to set them out in full in this opinion. Those given for the plaintiffs are certainly subject to criticism, but they were all so strongly in their favor that they have nothing to complain of. The only instruction asked by the plaintiffs and refused by the court was as follows:

" The court declares the law to be that, under the evidence the right of stoppage in transit of the goods in controversy existed at the time of the institution of this suit, and plaintiffs are entitled to recover."

This instruction is very objectionable in form, and if it had been given by the court would not have been a declaration of law, but a faulty finding upon the facts of the only real issue in the case. It was properly refused for both reasons.

We discover no error in the instructions given for defendant; they were in the main correct, and whatever was lacking was supplied in the finding of the court.

There only remains the question, had the plaintiffs the right of stoppage in transit? The facts are that the goods had arrived at the depot or store-room of the railway company some time before the assignment. The only testimony on this question was Schoettler's, who stated that several days before he made the assignment he received notice from the railway company that the goods had arrived. They were then subject to his order on the presentation of the bill of lading. He, or his agent, or any other proper person for him, cuold get

them. They were there subject to his order and control; any act of his at that time, such as going or sending for the goods, arranging to have them stored in the warehouse of the carrier or elsewhere, or selling them to another and delivering to the purchaser the notice and bill of lading, or any other evidence of ownership and transfer, would terminate the transit. In this case the purchaser formally and for value transferred the goods to defendant and authorized him to get them; which defendant did and stored them in his own cellar, where they remained for about six days before plaintiffs seized them under their writ of replevin. Upon what plea can the plaintiffs maintain that the transit still existed? By what kind of argument could it be made to appear that these goods had not come into possession of the vendee? Plaintiffs insist that the "goods must come to the corporal touch of the consignee." If by this they mean that every consignee must actually handle, with his own hands, the goods he received by any carrier, then we do not agree. The consignee may sell the goods as soon as they arrive, or even before, and they be delivered to his purchaser upon arrival, and before the vendor has exercised his right of stoppage in transit, the transit is ended and the peculiar right of the vendor gone.

"The right of the vendor of the goods is held to continue from the time he parts with their possession until they have come into the actual possession of the buyer, and may be enforced by him, no matter into whose possession they may have come in the course of the transportation at any time before their delivery to the buyer or to his agent, or to a purchaser of them from the buyer by a *bona-fide* endorsement and transfer of the bill of lading." Hutchinson on Carriers, sec. 409.

"The actual delivery to the vendee or his agent puts an end to the transit." 2 Benjamin on Sales (Corbin's Ed.) sec. 1246.

"The idea that the goods must come to the corporal touch of the vendee is exploded, and it is settled that the *transitus* is at an end if the goods have arrived at

an intermediate place where they are placed under the orders of the vendee and are to remain stationary until they receive his directions to put them again in motion for some new and ulterior destination." 2 Kent Com. 545.

The authorities generally hold that the *transitus* is ended when the goods have come to the actual possession of the vendee, or circumstances equivalent thereto. *Heinz v. Transfer Co.*, 82 Mo. 233 ; *Buckley v. Furniss*, 15 Wend. 137 ; *Corell v. Hitchcock*, 23 Wend. 611.

In this case the goods reached their destination, the carriers notified the consignee that the goods were ready for him ; after some days the consignee sold them to a third party for value, and assigned to him the notice and bill of lading. The third party presented the bill of lading and the notice, paid the charges, took the goods, and had them in his own cellar nearly a week when the right of stoppage in transit was invoked. If these circumstances do not constitute such delivery as terminates the *transitus*, it would indeed be difficult to imagine circumstances that would. In short, the delivery here was complete, the *transitus* was ended, the right of stoppage was gone, and in this case the judgment was rightly rendered for the defendant.

Judgment affirmed. All concur