SCOTT BROS., Respondents, v. THE WILLIAM B. GRIMES DRY-GOODS COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1892.

Sales: STOPPAGE IN TRANSITU: DELIVERY: TRANSFER COMPANY. Where a transfer company under a previous general order of the vendee receives goods at the destination depot of the carrier for the mere purpose of conveying them to the vendee's place of business, the goods are in legal contemplation still *in transitu*, and the possession has not been delivered by the carrier to the vendee, and the vendor's right of stoppage *in transitu* is not defeated.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Henry Wollman*, for appellant.

There are two Missouri cases which, when carefully studied, are very strong authorities in favor of the defendant: *Heinz v. Railroad*, 82 Mo. 233; *Klein v. Fischer*, 30 Mo. App. 572. 1 Smith's Leading Cases [8 Ed.] part. 2, p. 1240; *Sawyer v. Joslin*, 20 Vt. 178;. *Becker v. Hallgarten*, 86 N. Y. 173; *Hall v. Diamond*, 63 N. H. 565; *Iron Co. v. O'Brien*, 135 Mass. 442; *Langstaff v. Stix, Krauss & Co.*, 64 Miss. 171–175; *Dixon v. Baldwin*, 5 East. 102, 106; *Jackson v. Nichols*, 5 Bing. (N. C.) 202; *O'Neil v. Garrett*, 6 Iowa, 480; *Callahan v. Babcock*, 21 Ohio St. 292; *Reynolds v. Railroad*, 43. N. H. 580; *Railroad v. Painter*, 15 Neb. 394; *White v. Mitchell*, 38 Mich. 302.

*Lathrop, Morrow & Fox*, for respondents.

(1) We submit that the decision of the supreme court in *Heinz v. Railroad*, 82 Mo. 233, is conclusive against the appellant in the case at bar. *Estey & Camp v. Truxel*, 25 Mo. App. 244. (2) Exercise of right of stoppage reinvests vendor with title, even as. against one occupying the station of a purchaser ignorant of the facts. Benjamin, Sales, sec. 1250;. *Kloes v. Wurmser*, 34 Mo. App. 457. (3) Jones on Liens, sec. 929. Goods are still in transit after they have arrived at the place of their destination, but are in the hands of a local carrier for delivery, citing: *White v. Mitchell*, 38 Mich. 390; *Jackson v. Nichols*, 5 Bing. (N. C.) 508; *Railroad v. Painter*, 15 Neb. 394; *Mason v. Wilson*, 34 Ark. 72; *O'Neil v. Garrett*, 6 Iowa, 480; *Callahan v. Babcock*, 21 Ohio St. 281; *Reynolds v. Railroad*, 43 N. H. 580;. *Blackman v. Pierce*, 23 Cal. 508; *Becker v. Hallgarten*, 86 N. Y. 173; *Cavill v. Hitchcock*, 23 Wend. 611;. *Harris v. Pratt*, 17 N. Y. 249; *Ex parte Cooper*, 11 Ch. Div. 68.

Smith, P. J.—This was an action of replevin to recover the possession of two cases of towels. The plaintiffs had judgment in the court below, and the defendant appealed. For the purpose of a correct understanding of the question presented by the record for our decision, no statement of the case need be made beyond the finding of facts made by the learned judge, who tried the case, which is as follows: "The court, sitting as a jury, finds from the evidence: That plaintiffs sold the goods in controversy to Jacobs on credit; that they were shipped by plaintiffs to Jacobs to Kansas City; that they arrived at Kansas City and were delivered by the railroad company, over whose road they were brought to Kansas City, to the Van Dyke Transfer Company, whose general business it was to carry goods to consignees, from railroad depots to the consignees, and that said company had a general order from Jacobs to deliver at their place of business in Kansas City any goods consigned to them; that, after a portion of said goods had been carried to the storehouse of the Van Dyke Transfer Company, plaintiff's agent notified a driver of a Van Dyke transfer wagon, upon which some of the goods were on their way to the Van Dyke Transfer Company's storage house, not to deliver the goods to Jacobs, and that plaintiffs had exercised their right to stop the goods in the hands of the carrier; that after said goods were all in the storehouse of the Van Dyke Transfer Company, and before any sale of them to Iselin, Nesser & Co., and before any possession of them by Jacobs, other than the foregoing facts disclose, said transfer company was notified by plaintiffs' agent of plaintiffs' claim to stop them, and notified not to deliver them to Jacobs; that afterwards Jacobs sold to Iselin, Nesser & Co. and the Van Dyke Transfer Company, who resold to Iselin, Nesser & Co., who received them from said transfer company; that after the sale to Jacobs plaintiffs learned of his insolvency; that at the commencement of this suit defendant was in

possession of said goods, and refused on demand to deliver them to plaintiffs." The conclusion of law deduced from the facts so found was that the plaintiffs were entitled to recover, and it is with this conclusion that the appealing defendant finds fault.

The precise question is, whether the plaintiff's vendor's lien or right of stoppage *in transitu* had been cut off or lost at the time of giving the notice by a previous delivery of the goods to the vendee. Stoppage *in transitu* is the right which arises to an unpaid vendor to resume the possession, with which he has parted, of goods sold upon a credit before they came into the possession of a vendee who has become insolvent or pecuniarily embarrassed. In such case the vendor is allowed to countermand delivery before or *at the place of destination*, and to resume possession of the goods according to the equitable principles in the law of contract by which one party may withhold on the other's becoming unable to give performance. It is an extension of the right of lien which, by the common law, the vendor has upon the goods for the price, originally allowed in equity and subsequently adopted as a rule of law. The right is said to be favored and encouraged by the courts of law for the reason that the goods of one man should not be applied in payment of another man's debts. 2 Kent, Com. 540; 1 Pars. Cont. 595; Hutchinson on Carriers, sec. 409; *Insler v. Lane*, 57 N. H. 454.

The essential ground of the right of lien is possession; that of stoppage *in transitu* is non-delivery to the vendee. The title of the vendee is never entirely divested till the goods have come into possession of the vendee; until then he may retract the intended delivery and stop the goods *in transitu*. The goods must be delivered to the vendee, and be *in his actual and absolute possession;* they need not, however, come to his corporeal touch; otherwise they may be stopped *in transitu*. 2 Benj. Sales, 106, 107; 2 Kent. Com. 544;

*Insler v. Lane, supra; Buckler v. Ferriss,* 15 Wend.
137; *Ellis v. Hunt,* 3 Tenn. 466; *Dixon v. Baldwin,* 5
East. 184.    And in this state this rule has been adopted
and applied in all of its full length and breadth.
*Heinz v. Trans. Co.,* 82 Mo. 233.

The defendants contend that when the goods in
question arrived at the depot of the carrier at Kansas
City, that that was as far as the impetus given them by
the vendor would send them, and that they would stop
them unless given a fresh impetus, and, consequently,
the delivery of them by the railroad to the transfer
company put an end to the *transitus.*   In the *Heinz
case,* just cited from 82 Mo., the goods were shipped to
the vendees at Kansas City.   When they arrived there
the railroad company delivered them to the transfer
company.    This company had for a long time, under a
general authority from the vendees for that purpose,
received and hauled from the various railroads all of
the goods shipped to them.   One of the vendees, about
the time of the arrival of the goods, informed the trans-
fer company of the fact, and requested it to hold the
same as a security for the amount due by the vendees
for advancements p. eviously made by it in payment of
freight on goods which it had received and transferred,
to the vendees' place of business.   The trial court, by
its instructions, had ignored the question whether the
transit was at an end and the goods delivered.   That
is to say, whether the delivery by the carrier of the
goods to the transfer company was such a delivery as
put an end to the transit.   For this reason the judgment
was reversed.

The general rule is that the right of stoppage is
gone when the goods fairly arrive at their destination,
so as to give the vendee the *actual and absolute posses-
sion of them.*   But his right is not lost by constructive
delivery, if the *delivery to a carrier or agent of the
vendee be for the purpose of conveyance to the vendee.*
If, however, the goods be delivered to the carrier

or agent for *safe custody, or for disposal on the part of the vendee*, and the middle man is, by agreement, converted into a special agent for the vendee, the transit of the goods terminates, and with it the right of stoppage. Whether the right of stoppage continues or not depends upon whether the party to whom the actual possession of the goods are delivered by the carrier be the agent so far representing the principal—the vendee—as to make the delivery to him a full, effective and final delivery to the principal as contradistinguished from a delivery merely to a person acting *as a carrier or means of conveyance to or on account of the principal in a mere course of transit towards him.* If the carrier or other person receiving the goods at their destination be the agent of the vendee beyond the duty and position of such person as a mere carrier, the possession of such agent would be effectual to bar the rights of stoppage as the actual, manual possession of the vendee. The correctness of this statement of the law, we think, is attested by the authorities. 2 Kent's Com. 545 ; Hutchinson on Carriers, sec. 419 ; Benjamin on Sales, secs. 1250, 1254 ; *Harris v. Hart*, 6 Duer. 606 ; *Dixon v. Baldwin*, 5 East. 184 ; *Lucas v. Doreen*, 7 Taunt. 279 ; *Atkins v. Colby*, 20 N. H. 154 ; *Reynolds v. Railroad*, 43 N. H. 520 ; *Harris v. Pratt*, 17 N. Y. 249 ; *McKittridge v. Piper*, 40 Iowa, 627 ; *White v. Mitchell*, 38 Mich. 390 ; *Blackman v. Pierce*, 23 Cal. 502 ; *Insler v. Lane*, 57 N. H., *supra.*

Applying these rules to the facts of the case under consideration, and the conclusion is irresistible that the plaintiffs' right of stoppage was still in existence when they gave the transfer company notice not to deliver the goods to their vendee. The transfer company received the goods under a previous general order, for the mere purpose of conveying them to the vendees' place of business. They were not received beyond the mere duty or position of mere carrier for the vendee. There was no absolute actual possession of the goods delivered

by the carrier to the vendee. The delivery of them to the transfer company was not such delivery. Being solely for the purpose of conveyance, it did not have the effect to defeat the plaintiffs' right of stoppage. The goods in legal contemplation were still in transit. When in the possession of the transfer company under the circumstances they were no more in the actual and absolute possession of the vendee than in that of the carrier from which they had been received. The momentum which the vendor gave the goods at the time and place of shipment sent them forward to their destination. Whatever the conditions existing at the time of shipment they would not on arriving at the railroad depot in Kansas City remain at rest there unless the vendee gave them a further propulsive movement in the direction of his place of business. And whether this is so or not under the rule established by the decision in 82 Mo., already referred to, the delivery of the goods by the railroad to the local carrier *was not necessarily such an actual and absolute delivery to the vendee* as would cut off the vendor's right of stoppage, and whether it had that effect or not in this cause depended upon the purpose, as has been shown, for which the goods were received by the local carrier, the transfer company. The court found that the goods were received by the transfer company for conveyance. The claim of the plaintiffs was timely given to the transfer company. The subsequent sale of the goods to Iselin, Nesser & Co., by the vendee, Jacobs, was ineffectual as against the plaintiffs' vendor's lien. The finding of the court was fully sustained by the evidence.

According to the principles already alluded to, and which we think are applicable in this case, the judgment of the circuit court was authorized by the facts found by it, and should be affirmed. All concur.