JOHN L. DARR, Appellee, v. HARRIET LOUISE DARROW *et al.*,
Appellants.

Specific Performance: EVIDENCE:   CREDIBILITY OF WITNESS.   Where
1    the plaintiff attaches interrogatories to his petition which
     defendant answers, and the same are read in evidence by him,
     he thereby vouches for the credibility of such witness.

Agency:   BURDEN OF PROOF.   Where the plaintiff relies on a letter
2    claimed to have been written by defendant as his authority
     to make a contract for the sale of her land, and the only evi-
     dence of its genuineness is the testimony of witnesses that
     they are accustomed to comparing signatures and that the
     handwriting on the envelope containing the letter is the same
     as the signature of defendant affixed to other instruments,
     and where defendant denies having written the letter or hav-
     ing knowledge thereof, there is a failure to sustain the burden
     of proof cast upon the plaintiff to establish his agency.

Proof of Letter.   The fact that defendant addressed an envelope is
3    not sufficient proof that she wrote or had a knowledge of the
     contents of the letter contained therein.   Especially is this
     true where defendant denies having written the letter.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON,
Judge.

THURSDAY, APRIL 9, 1903.

ACTION in equity to compel specific performance of an
alleged contract to convey certain lands.   The opinion
states the facts.   There was a decree in favor of plaintiff,
and defendants appeal.—*Reversed.*

*Chas. A. Clark & Son* and *W. G. Clark* for appellants.

*Giffen & Voris* for appellee.

BISHOP, C. J.—The plaintiff resides in Linn county, this state, and the defendants reside in Owego, in the state of New York. The lands in controversy are situated in Bertram township, Linn county, and consist of one hundred and twenty acres. It appears without dispute that such lands were owned by Harvey M. Hill, of Escambia, Alabama, in his lifetime; that by his will he bequeathed the same to his minor son, Orin H. Hill, on condition that said Orin, live until attaining his majority, otherwise the title and ownership of said lands to go to Mrs. Sabrina Platt, sister of said Harvey M. Hill. Subsequent to the death of his father, which occurred shortly after the execution of the will referred to, Orin H. Hill, died, and this before attaining his majority. Sabrina Platt died intestate leaving surviving her the defendant George Platt, her husband, and the defendant Harriet Louise Darrow, her daughter and only child.

The plaintiff grounds his action upon an alleged contract for the purchase of said lands entered into between himself and one Upton of the one part, and the defendant Darrow, acting through J. J. Daniels, of Bertram, Linn county, as her authorized agent, of the other part. It is evident that, in the first instance, a determination of the case must be made to depend upon the question of the agency and authority of the said Daniels. It appears that for some years Daniels had acted for the respective owners of the land to the extent of contracting with tenants, collecting rents, and paying taxes. His authority seems to have been limited to such matters. It is alleged in the petition of plaintiff that on March 10, 1898, defendant Darrow wrote a letter to said Daniels, and which was duly received by him, as follows:

"Owego, March 10, 1898.

"Mr. Daniels: I wrote a letter about ten days ago telling you that Orin Hill could not live but a few days. I directed the letter to Bertram so I don't know whether you received it or not. I write again today to let you know that Orin Hill died the 3d day of March and as he was not twenty-one years of age when he died, the land goes to me. It was willed to my mother, Mrs. George Platt, if he died before he was of age, and as my mother is dead the land is mine. Will you please write and let me know whether the taxes have been paid or not and if there is any tax against the land, let me know how much it is. The land is for sale now. I would like to have you let me know what you think the land is worth. I am ready to sell it if I can get what it is worth.

"Yours truly,

Mrs. Louise Darrow.

"You will get a letter in a few days from my attorney, a Mr. Andrews. He attends to my business here. I will let you have the selling of the land and want you to get all you can for it.          Mrs. Louise Darrow."

It is further alleged that immediately following the writing and receipt of such letter an extended correspondence was had between the attorney named in the letter, Geo. F. Andrews, Esq., and said Daniels, and that by said letter written by defendant, and such subsequent correspondence with the attorney named, the said Daniels became fully authorized and empowered to contract for the sale of said land, and that pursuant thereto he did contract on behalf of said defendant Darrow to sell and convey the same to plaintiff and said Upton. The relation between plaintiff and said Upton need not be noticed in this connection.

The defendant Darrow, in her answer, denies *in toto* the writing of the letter of date March 10, 1898, and denies that the attorney mentioned in said letter had

any authority to bind her by any contract for the sale of the lands in question, or to authorize said Daniels to act as her agent, and with authority to bind her by any such contract. Manifestly, if these allegations of the answer shall be found to be true in point of fact, the plaintiff's action must go to the ground at once, and we shall have no occasion to consider any other question made in the case. Accordingly, we turn to the record to ascertain what is the evidence upon which the determination of such issue of prime and vital importance must be made to rest.

Attached to his petition, the plaintiff filed and propounded certain interrogatories, to which, under the rule of the statute, defendant was required to make answer at the time of her appearance and pleading. This was done, and upon the trial such interrogatories and answers were offered and read in evidence by the plaintiff. In such answers Mrs. Darrow denies unequivocally that she wrote the letter of March 10th, denies that she authorized any one to write such a letter for her, and denies that she ever saw or knew of such letter until after the commencement of this action. She further says that Geo. F. Andrews was her attorney in some specific matters of litigation, but that he had no authority to act for her in the matter here in question, save that upon receiving a letter from Daniels in April, 1898, saying that he had made a sale for her of the Linn county lands, she directed said Andrews to write Daniels to the effect that she did not recognize him as her agent for the sale of such lands, but authorizing him to make inquiries, and see if a sale could be made for an amount and on terms satisfactory to her. She says that the letter in question is in the handwriting of her father and codefendant, George Platt.

Plaintiff called as a witness J. J. Daniels, who testified that he had at one time been county recorder of Linn county, and that he was accustomed to examining and comparing signatures and handwriting; that he had

*Margin note: 1. EVIDENCE: credibility of witness.*

compared the handwriting, being the name and postoffice
address written upon the envelope in which the letter of
March 10th was received, with the signature of defendant
Darrow attached to the verification of her answer filed in
this case, and that it was his impression that the hand
writing in each instance was the same.    There was also
called to the attention of the witness three other and dif-
ferent instruments, relating to conveyances of lands in the
state of New York, and purporting to be signed by Harriet
Louise Darrow, and acknowledged by her before a notary
public of that state, and in respect of the several signa-
tures attached to such instruments the witness testified
that, in his opinion, each was written by the .same hand
that wrote the signature found in the verification of the
answer in this case.    Several bank officers and an expost-
master and county official were called as witnesses by
plaintiff, each of whom testified in reference to handwrit-
ing substantially in accord with the testimony of Daniels.
To the testimony of each of such witnesses the defendant
made objection that the same was incompetent and imma-
terial, and because no proof had been made that the signa-
tures upon the respective instruments produced were in
the handwriting of defendant Darrow.

The foregoing constituted all of the testimony offered
and introduced by plaintiff bearing upon the matter now
under consideration.    Taken as a whole, it falls far short

2. AGENCY:   of being sufficient to establish as a matter of
burden of
proof.        fact the allegation as to the agency found in
the petition.    In this conclusion we are all agreed.    The
burden is upon plaintiff to establish by satisfactory evi-
dence the fact of agency, and that the making of a con-
tract of sale was within the scope of the powers granted.
The only direct evidence upon the subject is that furnished
by the testimony of Mrs. Darrow, a witness for plaintiff.
Of all the witnesses, she alone speaks as of her personal

knowledge. By making her a witness on his behalf—and such is the effect of his reading the interrogatories and her answers thereto in evidence—the plaintiff vouches for her credibility as a witness. *Hunt v. Hoover*, 34 Iowa, 77; *Clapp v. Peck*, 55 Iowa, 270.

Now, she declares in positive terms that she had no knowledge whatever of the alleged letter of authority until long after this suit was brought, and in this she is wholly uncontradicted, according to our view of the situation. A brief analysis of the remaining evidence offered and introduced on behalf of plaintiff will demonstrate this. At the outset it is to be observed that Mrs. Darrow was not personally present at the time of the trial. Plaintiff went to trial relying wholly upon the answers given by defendant to the interrogatories attached to his petition, and the testimony of opinion witnesses concerning the handwriting upon the envelope in which the letter in question was received by Daniels. As we have seen, Mrs. Darrow denies that the letter is in her handwriting, and denies all knowledge of the fact that the letter was written and mailed. In the interrogatories her attention does not appear to have been called in any manner to the envelope in question. No one of the witnesses pretends to be familiar with her handwriting, or to have any knowledge thereof. Accordingly, there is no direct evidence concerning the authorship of the handwriting on the envelope. It follows that plaintiff must pin his hope of recovery solely upon faith, first, that the opinion evidence introduced by him makes it sufficiently clear, and therefore establishes the fact, that the handwriting on the envelope is that of Mrs. Darrow; second, that therefrom it can be conclusively presumed as a fact in the case that Mrs. Darrow either inspired the writing of the enclosed letter, or was familiar with its contents, and this notwithstanding the specific denial on her part. See *Borland v. Walrath*, 33 Iowa, 130.

For the purposes of this case, we might admit that the evidence sufficiently establishes the handwriting on the envelope to be that of Mrs. Darrow.  Possibly grounds

3. PROOF OF letter.  can be found upon which to justify such a conclusion.  But to draw from such conclusion alone the further conclusion contended for—that is, that therefrom she must have been acquainted with the contents of the enclosed letter—can not be justified, either in reason or in logic.  The simple fact that one has addressed an envelope by his own hand may give rise to an inference that he is acquainted with the written contents of such envelope, but such inference by no process of simple reasoning can be dignified into a conclusion having the probative force of an established evidentiary fact. And especially must this be true for all purposes of practical application when the inference relied upon is opposed by the evidence, altogether credible, of the only person who can testify as to the fact involved from personal knowledge.

The claim made in respect of the letters written by Andrews may be disposed of in a word.  We do not think such letters can fairly be made to bear the construction put upon them by appellee.  Be this as it may, however, there is no evidence showing authority on the part of Andrews, or that defendant had knowledge of the contents of such letters so that she became bound thereby.

We conclude that no authority on the part of Daniels to make the alleged contract of sale has been shown. The other questions made by the record may, therefore, be passed over in silence.

The decree of the district court is reversed, and the cause remanded, with instructions to dismiss the petition of plaintiff, and to enter judgment against him for costs. —REVERSED.