## THORN & STEIN v. MOORE.

| 21 | 285 |
| 84 | 316 |
| 21 | 285 |
| 86 | 484 |
| 21 | 285 |
| 109 | 416 |
| 21 | 285 |
| 127 | 718 |

1. Eivdence: BOOK ACCOUNT: STATUTE OF LIMITATIONS. One of the plaintiffs produced their books of accounts and proved the facts required by the statute to make them receivable in evidence; the books showed that all entries on the debit side of the account were made more than five years prior to the commencement of the action, and all of the items on the credit side, except one, had been made for the same length of time, and there was no other proof that the account had accrued within five years. *Held*, That the court erred in sustaining an objection to the admission of the book in evidence on the ground that it appeared therefrom that the account was barred by the statute of limitations.

2. Statute of limitations: PAYMENT. A payment on an account made by a debtor before the debt is barred by the statute of limitations prevents the running of the statute as to the debt on which the payment is made prior thereto.

3. Evidence: PAYMENTS. When the defendant's witnesses testified that certain articles of personal property were paid on the notes in suit, and the plaintiff offered to prove that the personal property was paid and applied on an account, it was held, that the court erred in refusing to admit the evidence on the ground that it was not claimed that the account was then subsisting.

4. ——. IMPEACHMENT: CONTRADICTION. When a party voluntarily puts a witness upon the stand to testify in his own behalf, he is thereby estopped from assailing his general character for truth and veracity, but he is not estopped from showing that the facts are different from his testimony.

5. Statute of limitations: EVIDENCE. When the plaintiff calls on the defendant as a witness to prove that an indebtedness on account still justly subsists, in order to defeat the bar of the statute of limitations (Rev. 1860, § 2742), and the defendant denies such indebtedness, the plaintiffs are concluded by such denial.

6. —— LAST ITEM. The statute of limitations (Rev. 1860, § 2743) commences running from the last item in *the account*, whether it be on the *debit* or *credit* side thereof.

*Appeal from Jones District Court.*

TUESDAY, OCTOBER 16.

THIS suit was brought upon three promissory notes and an account. Two of the notes were made by the defendant to plaintiffs or bearer, and payable in wheat or corn at the market price; and the other one was made by another and the defendant jointly, payable in the same manner to the plaintiffs or bearer. The action, so. far as this last note was concerned, was dismissed before the cause was submitted to the jury, and no question is made in relation thereto. The account is for goods sold by the plaintiffs to the defendant, and the debit side thereof contains continuous charges from March 25, 1857, to October 17, 1859, amounting to $155,08; the credit side contains nine items, four in 1857, two in 1858, two in 1859, and one of October 4, 1862; by cash, one dollar—amounting in all to forty dollars and ninety-one cents. This suit was commenced May 27, 1865.

The defendant, by his answer, admits the execution of the notes, and avers that he had paid the two first named in wheat and corn, &c. As to the third note he averred that the plaintiffs had recovered judgment thereon against his co-maker, for whom he was surety only, and by execution, had obtained satisfaction thereof. As to the account, the defendant, in his answer, pleaded the statute of limitations, payment, and accord and satisfaction, or rather a settlement and payment of the balance by note, which he had since paid.

There was a trial to a jury who returned a verdict for defendant. There were exceptions to the admission and exclusion of certain portions of the evidence, as also to the giving and refusing certain instructions. The facts connected therewith are stated in the opinion. The

plaintiffs moved for a new trial, which was denied, and judgment rendered on the verdict, from which they appeal.

*J. L. Sheean* for the appellants.

*C. R. Scott* and *J. L. Stacy* for the appellee.

Cole, J.— I. On the trial of this action the plaintiffs first introduced the notes sued on, in evidence; and then

1. EVIDENCE: book account: statute of limitations.

introduced as a witness, one of the plaintiffs who produced "their books of account," and proved the facts required by the statute to make the same receivable in evidence. The books of account contained the same items as the bill of particulars annexed to the plaintiffs' petition; but there was no other proof by said witness, showing the account to have accrued within five years prior to the commencement of this suit. The plaintiffs then offered the books of account in evidence, but the defendant objected, because it appeared from the books that the account was barred by the statute of limitations. The court sustained the objection, and excluded the books as evidence, and this is the first alleged error.

It was error to exclude the evidence, even if it be conceded that the books of account showed that the account against the defendant accrued more than five years before the commencement of this action, so that, without more, it was barred by the statute of limitations; it was, nevertheless competent and proper for the plaintiffs to introduce the same as a basis of their claim, and although such evidence might not of itself entitle the plaintiffs to recover, yet it is a foundation, upon which, by showing the written admission or promise of defendant, after it was barred, to pay the same (Rev., § 2751); or, by making it affirmatively to appear by the testimony of defendant as a witness, that the cause of action thereon still justly subsisted (Rev., § 2742), the plaintiffs would have a com-

plete cause of action and right to recover. This addi-
tional testimony could not properly be admitted without
first showing the account; and if the plaintiffs are not
permitted to first prove the account, they would be pre-
vented from a recovery, although they might be able to
show the facts which would defeat the bar of the statute.
The books of account were therefore admissible as evi-
dence of the account sued upon, and the objection by
defendant should have been overruled.

II. The plaintiffs then offered to prove that the last
item credited to defendant on said account, to wit:
"October 4, 1862, by cash, one dollar," was paid
by defendant on said account in part payment
thereof. The defendant objected to said testi-
mony, and the court sustained the objection, to which
ruling the plaintiffs then excepted and now assign the
same as error.

*2 STATUTE OF LIMITA-TIONS: payment.*

It is said by Mr. Parsons in his work on Notes and
Bills, Vol. 2, p. 655–6, that when the debtor himself appro-
priates a payment, made by him, to a debt barred by the
statute of limitations, that such payment will revive the
barred debt for the balance, and that such appropriation
may be shown by parol evidence. Without now passing
directly upon the correctness of the rule to the extent as
stated by Mr. Parsons, we have no hesitation in holding
that it was competent for the plaintiffs in this case to
prove that the defendant made the payment, as claimed,
upon the account sued on. See also the notes, 2 Pars. on
Notes and Bills, p. 652—6, and authorities there cited.
It will be observed in this case that the payment was
made before the debt was barred by the statute; and if,
as stated by Mr. Parsons, a payment will revive a barred
debt, *a fortiori* it would prevent the statute from running
prior to such payment on a debt not then barred.

III. The plaintiffs then introduced the defendant as a

witness, but he not only denied that any indebtedness on said account still justly subsisted, but he also denied the account itself.

3. EVI-
DENCE:
payments.

The defendant then introduced himself and his son as witnesses in his behalf, and they testified to the sale and delivery by defendant to the plaintiffs of corn, wheat, hides, &c., in full payment for the notes sued upon, and to the agreement of plaintiffs to deliver up the notes, and their failure to do so.

The plaintiffs then offered to prove that the corn, wheat, hides, &c., testified to by defendant and his son were in fact delivered in part payment of the account sued on, and were, pursuant to an agreement with defendant, so applied. The defendant objected to this testimony, whereupon the court asked plaintiffs if they claimed that the defendant's testimony tended to show that the indebtedness on the account still justly subsisted; to which plaintiffs replied that they did not so claim. The court thereupon sustained the objection, and refused to permit plaintiffs to introduce the proof offered, to which ruling the plaintiffs excepted.

The testimony given by the defendant and his son tended to show a payment of the notes, and the proof offered by the plaintiffs would show that the notes were not paid because the payments claimed to have been made on the notes were, in fact, applied, by agreement of defendant, upon the account, and not upon the notes. It is clear, therefore, beyond question, that the proof offered was competent and proper, and should have been admitted. The court erred in sustaining the objection.

IV. The plaintiffs then offered to further prove that in the year 1863, and at other times, the defendant admitted to plaintiffs that the notes were due and unpaid, and that the corn, wheat, hides, &c., were paid on the account. On objection

4.
impeach-
ment: con-
tradiction.

by defendant, the court excluded this evidence also, "because the plaintiffs had put defendant on the stand as a credible witness." This ruling was duly excepted to.

Where a party *voluntarily* puts a witness on the stand to testify in his own behalf, he is thereby estopped from assailing his general character for truth and veracity, or from impeaching him. But he is not estopped from showing that the facts are different from the testimony of such witness.

It ought, however, to be remarked in this connection, that where the plaintiffs call the defendant as a witness to prove that the indebtedness on the account still justly subsists, in order to defeat the bar of the statute (Rev., § 2742), and the defendant denies such indebtedness, then the plaintiffs are concluded thereon by such denial, and cannot introduce any other witness to controvert such denial, since the defendant is the only witness by whom such fact may be proved. The like rule would also obtain in cases brought to enforce contracts within the statute of frauds. Rev., § 4010.

5. STATUTE OF LIMITATIONS: evidence.

V. The court instructed the jury as follows: "It appearing that the last debit item in the account against defendant sued upon, accrued more than five years last past before the commencement of this suit, the law presumes the account to have been paid, and you will so treat it, unless from the testimony of the defendant as a witness here on the stand, you find it affirmatively appears that the account still justly subsists." This was excepted to by plaintiffs. The court was in error in supposing that the statute commenced running from the date of the last *debit* item. The statute says (Rev., § 2743 [1662]): "Where there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last *item* therein, as proved on the trial."

6.——item.

The statute says the *last item*, and it is *not* competent

for the court to limit its language and meaning by insert-ing words not contained in the statute. But, to-use the language of Chief Justice SHAW, in *Penniman and another* v. *Rotch* (3 Metc., 216), " The statute does not say any item in the *debit* side of the account, but the last item in *such* account. * * * * An item on the credit side is equally in such an account as an item on the debit side." The Massachusetts statute is not essentially different from ours. It would, of course, be necessary for the plaintiffs to prove the credit item and to show that it was truly made and properly applied as a credit thereon.

What has already been said sufficiently disposes of the third instruction also.

Reversed.