NICHOLAS & SHEPARD v. HIGBY *et al.*

1. Husband and wife: LIABILITY OF WIFE'S PROPERTY. To render personal property of the wife over which the husband exercises control, liable for his debts, such control must have been permissive on her part or with her assent.

2. —— VALIDITY OF TRANSFER. A transfer of personal property from the husband to the wife is not invalid simply on the ground that the sale was secret and not evidenced by writing.

3. —— POSSESSION BY HUSBAND. The fact that the wife placed in the hands of her husband notes or moneys held by her in her own right, for the purpose of having them deposited for her in bank, which is done, does not amount to such possession and control as would render the property liable to his debts.

4. —— KNOWLEDGE OF THE WIFE'S OWNERSHIP of notes payable to order and other written securities which do not pass without indorsement or assignment will, under section 2504 of the Revision, be presumed without the recording of the notice thereof required by the statute (Rev., § 2500).

*Appeal from Black Hawk Circuit Court.*

MONDAY, DECEMBER 11.

ACTION in attachment by plaintiffs against E. Higby. The First National Bank of Waterloo and others were garnished. H. E. Higby, wife of E. Higby, intervened, claiming that certain notes in the hands of the bank, which were claimed to be her husband's property and subject to the garnishment, belonged to her. Her claim was denied and upon that issue the cause was tried to a jury, and verdict and judgment were had in her favor. Plaintiffs appeal. The other facts of the case are stated in the opinion.

*L. Alford* for the appellants.

No appearance for the appellee.

BECK, Ch. J.— I. The promissory notes which are the subject of the controversy were shown to be in the posses-
VOL. XXXV.—51

sion of the First National Bank of Waterloo, and the proper officer had executed and delivered a receipt for the same.

1. HUSBAND AND WIFE: liability of wife's property.
A copy of the receipt was in evidence and appears to be in the form of a letter addressed to "E. H. Higby, Dear Sir," etc. The notes were shown to have been deposited in the bank by the intervenor's husband, to whom the receipt was handed when the notes were left there. Plaintiffs propounded this question to one of their witnesses: "To whom and in what name was the receipt for the notes given?" This was objected to on the ground that the receipt or a copy thereof was the best evidence of its contents. The objection was sustained. This ruling constitutes the ground of the first assignment of error. If the question referred to the contents of the receipt and was so understood by the court, the objection was properly sustained upon the ground on which it is based. A copy of the receipt was before the court and spoke for itself. Had the object of the question been to call out the facts as to whether the receipt had been altered, to whom it had been delivered, or we may admit, to impeach or contradict the instrument itself, the evidence would have been competent. But it was not proposed to establish facts of this character, at least it does not so appear in the abstract before us. If it be true that the object of the question was to prove by whom the receipt was received, or to whom delivered, by the bank, the evidence indeed should have been admitted. But, even in that case, the ruling was error without prejudice as it had been established by evidence before admitted, that the instrument was delivered to the husband of the intervenor, and this fact seems not to have been contested. Neither does it appear that plaintiffs, by the question, to be followed by others upon the same point, proposed to prove the contents of the paper as an instrument in the possession of the other party which was not produced upon proper demand. Such is not shown to

have been the object of the evidence proposed to be elicited.

II. There was evidence before the jury which tended to establish the fact that intervenor's husband had exercised control and acts of ownership over the notes in question. The counsel of plaintiffs requested the court to direct the jury that if they found " the husband was exercising acts of ownership and control over said notes, without disclosing that such acts of ownership and control were done by him as agent of his wife, such acts will be sufficient as to third parties acting in consequence thereof, to prove that the notes were under his control." This instruction leaves out of view that the control of the husband exercised over the property, in order to render it liable to the husband's debts must be with the assent or permission of the wife. The bare acts of the husband without the assent of the wife either proved or presumed, it cannot be claimed, will defeat her rights. The statute (Rev., §§ 2499, 2500) clearly contemplates that the control of the husband over the wife's property must be permissive on her part, or with her assent in order to render it liable to his debts.

The instruction under consideration for the reason just stated was properly refused. Others given by the court presented the rule as we have stated it. The rulings of the court in refusing and giving these several instructions are assigned for error. In our opinion they were correct and demand no further notice.

III. The plaintiff requested the court to instruct the jury that a secret sale of the notes in question by the 2. —— validity of transfer. husband to the wife, without evidence thereof in writing, is void as against existing creditors of the husband. The instruction was refused and the jury were directed that, if the notes in question were transferred by the husband to the wife in good faith, for cash at the time or before paid by the wife to the husband, and without intent to defraud the

husband's creditors, the sale is valid. These rulings are made the grounds of objection. The validity of a transfer of property from a husband to his wife, if made in good faith and for a proper purpose, cannot be questioned under Revision, section 2200. The rights of third parties, however, are not affected by this statute; it only extends to the form and manner of the transaction. Property so transferred, if left under the control of the husband, is subject to his debts, not on the ground of the invalidity of the transfer, but because of the control of the husband. The transaction as between the husband and wife would pass the title; the possession and control of the property with the assent of the wife would render it, as other property held by her in her own right, subject to be taken by his creditors. This view gives full force and effect to the statute just cited. The fact that the sale was secret and without evidence in writing would not alone defeat it. These things might be evidence if proved, but they cannot affect the validity of the sale, and, if the property was not subject to the control of the husband, it would be regarded as other property held by the wife in her own right. *Hatch & Thompson* v. *Gray*, 21 Iowa, 29, does not conflict with this position. The action of the court in refusing and giving this instruction was correct.

IV. The jury were instructed that if the wife held the notes in her own right and placed them in her husband's hands for the purpose of having them left by him in place of deposit, which was done by him and a receipt taken in her name and for her use and benefit, this would not amount to such possession and control on his part as rendered the property subject to his debts. The instruction is objected to by plaintiffs. It is, however, correct. The husband certainly could be empowered by the wife to act as her agent; his possession as such would be considered by the law as her possession, and while acting for her the

3. —— possession by husband.

notes would not be considered under his control. The main objection urged against the instruction is that it withdraws from the jury the question of fact whether the notes were under the control of the husband. But the jury under the law could not infer the fact of the husband's control of the notes from his specific acts, in bearing them to a place of deposit, performed as her agent and in no other capacity. This rule the instruction presents and nothing more. Another instruction embodying the same principle is included in the same objection. It need not be separately considered as it comes within the principles just stated.

V. Upon the request of the intervenor, the court directed the jury that "under the statute, written securities which do not pass without indorsement or assignment, such as promissory notes payable to order, will be considered and presumed the property of the wife without the notice mentioned before in these instructions." The notice referred to is required by the statute to be filed with the recorder of deeds. Section 2504 of the Revision provides that, " in the case of bank stock, written securities, things in action, or other property which does not ordinarily pass by mere delivery or by oral contract without indorsement, assignment or other written evidence of such transfer, knowledge of the ownership of the wife will be presumed without the recording required, * * * unless such property has been conveyed to the wife by the husband." It is objected to this instruction that it fails to set out the exception expressed by the latter clause of the section quoted, which it should have done, as two of the notes in question were transferred by the husband to the wife. But other notes involved in the suit were not so transferred and the rule as given by the court was applicable to them. We do not think that the jury could have been misled by this instruction and applied it to the notes transferred by the husband. The facts before them, we will presume they duly

considered when they applied the instruction thereto. That the instruction is correct when applied to notes payable to order, not received from the husband, and as we have remarked part of those in controversy are of that character, there can be no doubt. But counsel insist that it was not applicable to these, for the reason that when the husband had them in his possession for the purpose of delivering them to the bank they were indorsed in blank. But as has been seen he merely held them for a specific purpose as agent of his wife, and they were not so under his control as to be liable to be taken for his debts. As they were not indorsed to him nor under his control in contemplation of law, and as they are such instruments as usually pass by indorsement and not by mere delivery, they come within the provision of Revision, section 2504, and as they were not conveyed to the wife by the husband, they are not within the exception expressed in this section. In our opinion the instruction is correct.

VI. We have noticed all of the objections raised by counsel to the rulings of the court upon the instructions. A remaining objection is that the verdict is not supported by the evidence. The most that can be said upon this point is that the evidence was conflicting, without any such absence of proof as will justify the conclusion that the verdict was not the result of an intelligent and honest exercise of judgment upon the part of the jury. We cannot, therefore, disturb it.

Affirmed.