SHAW & KUEHNLE, Appellees, v. ELIZABETH MAN-CHESTER, Appellant.

1. **Fraudulent Conveyances:** ACTION TO SET ASIDE: ATTACK ON JUDGMENT. In an action by a judgment creditor to set aside a conveyance of property by his debtor as having been made to hinder and delay creditors, the validity of the indebtedness upon which the plaintiffs' judgment is based cannot be determined.

2. ————: TRANSACTIONS BETWEEN HUSBAND AND WIFE: CONSIDERATION: VALIDITY. The consideration of one dollar, and of love and affection, and of an agreement for future support, is not sufficient to sustain a conveyance from a husband to his wife of about four hundred acres of land and a large amount of personal property, as against existing creditors of the grantor, nor is the value of such consideration increased by proof that about thirty-seven years before the wife acquired personal property of the value of about four hundred dollars, and that about eleven years prior thereto acquired other personal property of small value, when it does not appear that any considerable portion of such property was ever taken and used by the husband.

3. ———: ———: HINDERING AND DELAYING CREDITORS: EVIDENCE. The grantee testified that knowing of a suit pending against her husband for a great deal of money, and that there were other claims, she told her husband that it looked as though she "would be left with nothing at all," and that he then said he had been willing to make it right, and ought to make her secure. *Held*, that the evidence showed that the reason for making the conveyance was to hinder and delay the creditors of the grantor.

*Appeal from Crawford District Court.*—Hon. J. A. Connor, Judge.

FRIDAY, JANUARY 22, 1892.

ACTION in equity by the plaintiffs, as creditors of the estate of Joseph Manchester, deceased, to set aside a certain conveyance from. him to the defendant, on the grounds that it was made without consideration, and made to hinder, delay, and defraud the plaintiffs in the collection of their debts. Answer admitting the conveyance, denying that it was without consideration, or that it was made to hinder, delay, or defraud the plaintiffs; and alleging that, in addition to the consideration named, it was executed in consideration of property which came to appellant from her people at her marriage to Joseph Manchester in 1850, which she placed in his hands, worth about four hundred dollars. From a decree for the plaintiffs, the defendant appeals.—*Affirmed.*

*Charles MacKenzie,* for appellant.

*Shaw & Kuehnle,* for appellees.

GIVEN, J.—I. We first inquire as to the alleged indebtedness to the plaintiffs. They obtained a judgment against Joseph Manchester for two hundred and sixteen dollars and sixty-two cents, January 11, 1888, on account of services as his attorneys rendered during 1886, and to January, 1887. The appellant in argument disputes the indebtedness upon which this judg-

1. FRAUDULENT conveyances: action to set aside: attack on judgment.

ment was rendered, but that cannot be done in this action, nor under these pleadings. We cannot go back of this judgment, but must accept it as evidence of the indebtedness to the plaintiffs as alleged. The plaintiffs being creditors of Joseph Manchester have a right to question the validity of the conveyance to Mrs. Manchester on the grounds alleged.

II. We next inquire as to the consideration for the conveyance to the appellant. It was executed March 18, 1887, and conveys about four hundred acres of land, and other property, as follows: "And also all the estate, right, title, interest in all personal property, possession, claim, and demand whatsoever of the said party of the first part, of, in, and to the same, consisting of forty-four head of cattle, twelve head of horses and colts, sixty-four head of hogs and shoats, and all farm machinery and implements, together with all grain on said premises, all notes and mortgages and judgments, and every part and parcel thereof, with their and everything of their appurtenances." This included all property then owned by Mr. Manchester, and it appears that he did not after that acquire any other. The consideration expressed is love and affection and one dollar, and a proviso as follows: "Provided, however, and this is agreed, that the party of the second part shall maintain and provide him, the party of the first part, with all the necessaries of life, and take care of him in sickness and in health, and give him access at all times to the house, and let him reside therein without molestation, and provide him with horse and buggy when desired, and to furnish him with a full complement of clothing at all times during his natural life." The consideration of love and affection is not good, as against existing creditors, and, as we have seen, these, the plaintiffs, were creditors of Mr. Manchester at the time of and before this conveyance. Whether the promise of future support,

<div style="margin-left:2em;font-size:smaller">2. ——: transactions between husband and wife: consideration: validity.</div>

if adequate and made in good faith, would be a good consideration as against existing creditors, we do not determine. We are of the opinion, in view of the age of Mr. Manchester and the large amount of property conveyed, that it was inadequate, and that it was not a good-faith transaction.

The appellees question the right of the appellant to show any other consideration than that expressed in the conveyance, as they have not alleged that there was a mistake in reciting the consideration. We do not deem it necessary to determine this question, for the reason that the appellant has failed to show that there was any other consideration. The only basis for the claimed indebtedness from Mr. to Mrs. Manchester is her statement that, at the time of their marriage, in 1850, "my people gave me some cows, household utensils, to keep house with,—chairs, tables, cupboards, and other things,—to the amount of at least four hundred dollars." She also stated that on the death of her father, in 1875 or 1876, she got all his property,—some lots, blacksmith tools, a horse and cows. It does not appear that any of this property except the tools was ever taken or used by Mr. Manchester as his own. Whatever the fact may be, it is evident that neither of them ever thought of treating that property as the basis of an indebtednes until he became embarrassed. Mrs. Manchester says: "We did not consider what he was owing me as a debt until he got old, and could not manage the business. Then he said he felt as if I had brought property there to keep him, and had worked hard, and ought to have it." It does not require citation of cases to show that such transactions furnish no valuable consideration for the conveyance in question.

III. The testimony of the appellant leaves no doubt as to the reason that prompted the making of this conveyance. Being asked to state the reason, she answered: " Well, there were two cases standing in favor of George

3. ——: ——: hindering and delaying creditors: evidence.

Makepeace and against Mr. Manchester. Mr. Make-peace had commenced suit against him for a great deal of money and there were other claims of lawyers against him, and I said to him, 'You have spent a good deal of money 'and property, and, these suits coming on, it looks as though I would be left with nothing at all; and I have worked hard all my life, and am getting on in years, and I do not feel as though I would like to be left without something to live with;' and he then said he had been willing to make it right; he ought to make me secure. He then said that, if there was enough left to satisfy me, he would give me what there was; that I had worked and helped to earn it, and ought to have it all; and he said a good deal more, but that is the sum and substance of what he said,—that I ought to have it all; that there was no more than enough to pay me my just dues, and that I ought to have it."

It is argued that at the time of receiving the convey-ance the appellant did not know of any indebtedness to the plaintiffs. She knew that there were claims of lawyers, and, if she received the conveyance with intent to hinder, delay, or defraud the creditors of her husband generally, that would include the plaintiffs. We think it entirely clear that this conveyance was without valu-able consideration, and that it was made and received with intent to hinder, delay, and defraud existing cred-itors of Joseph Manchester, and is void as to such creditors. The principles of law applicable to these questions are so familiar and well established that we deem it unnecessary to make any citations or refer to cases cited by counsel.

The decree of the district court is AFFIRMED.