WILLIAM HINKLE, Appellant, v. A. C. DOWNING, et al.

**Fraudulent Conveyance:** CONSIDERATION: *Surrender of rights of
remainder-men.* Land was conveyed to two sisters for life,
with remainder to the children of one of them, and a warranty
deed was subsequently obtained to enable the life tenants to
incumber a portion of the land, but under a promise to restore
any interest of the remainder-men acquired under the war-
ranty deed. Afterwards the remainder-men quitclaimed the
unincumbered portion of the land to the life tenants for the
purpose of enabling them to incumber that also, and with
a part of the proceeds of the incumbrance the life tenants
purchased land, which they transferred to the remainder-men
to reimburse them for the loss of their interest. a few days
before a judgment was obtained against the life tenants. *Held,*
a valuable consideration, rendering the transfer free from fraud
as against the judgment creditor.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C.
PLATT, Judge.

TUESDAY, FEBRUARY 4, 1902.

ACTION to subject to the satisfaction of plaintiff's
judgment 40 acres of land conveyed by Elvira Campbell

and Eva C. Downing and husband, judgment defendants, to W. E. Downing, Mary E. Briggs, and D. S. Downing. The petition was dismissed, and plaintiff appeals.—*Affirmed.*

*Cook & Leach* for appellant.

*Holman & French* for appellees.

LADD, C. J.—William S. Campbell executed a conveyance of the north ½ of section 17, township 88, north, of range 9 W. of fifth P. M., to his sisters, Elvira Campbell and Evaline C. Downing, for and during the period of their natural lives and the life of the survivor of them, with the remainder to W. E., D. S., James T., and Mary E. Downing, children of said Evaline, April 17, 1883, which was duly filed for record January 30, 1886. May 30th of the same year the grantor delivered to said sisters a warranty deed to the northwest quarter of the section, recorded April 24, 1884, and on June 21, 1883, a like deed to the northeast quarter, which was also duly recorded June 28th following. These last deeds were executed without the consent of those entitled to the remainder under the first conveyance, and it would seem could not affect their estate save as against purchasers for value in good faith, and without notice. See *Owings v. Hill,* 9 Ky. Law Rep. 468 (5 S. W. Rep. 418); *Phillips v. Lumber Co.,* 94 Ky. 445 (22 S. W. Rep. 652, 42 Am. St. Rep. 367). But, as they were procured from the grantor for the purpose of obtaining a loan, and upon the express promise of restoring the estate in remainder to the children of Evaline, it is unnecessary to consider that question. A mortgage was accordingly given on the northeast quarter. After the death of W. S. Campbell, his widow, who had not joined in the deeds, applied for and was awarded as her dower interest in the half section the east 100 acres thereof, and the remaining 60

acres of the northeast quarter was sold on foreclosure to satisfy the above mortgage. James T. Downing died unmarried in 1883, and in June, 1886, W. E. Downing and wife, D. S. Downing, single, and Mary E. Briggs (Downing) and husband quitclaimed their interest in the northwest quarter to Elvira Campbell and Evaline C. Downing. This was to enable the grantees to obtain a loan of $1,100 thereon from Theodore Wilber, which was done July 6, 1886. With $600 of this loan the 40 acres of land in controversy was bought, during the same month, subject to a mortgage of $1,000 thereon, and title taken in the name of Elvira Campbell and Evaline C. Downing. A few days before plaintiff obtained his judgment, February 27, 1889, 'they conveyed the quarter section and also the 40 acres to W. S. and D. S. Downing and Mary E. Briggs, and in July following, these grantees transferred the quarter section to Dr. Shattuck. It is the conveyance of this 40 acres by the judgment defendants which is alleged to have been made without consideration, and for the purpose of defrauding creditors. The devolutions of title have been particularly stated because they bear directly on the issues thus presented. There can be no doubt of W. S. Campbell's intention of providing for his sisters during life, and of casting an estate in remainder on the children of Evaline, with whom her sister, Elvira Campbell, a single woman, made her home. It is equally free from doubt that her children were perfectly willing to divest themselves of any interest they had whenever it seemed essential to the care and maintenance of their parents and aunt. But the agreement made with W. S. Campbell to restore any interest acquired under the warranty deeds to them was never forgotten, and Evaline C. Downing testified that the conveyance of February 27, 1889, was executed to carry out this promise. D. S. Downing also declared the "consideration for the deed in controversy was to pay the children for their residuary interest in the land conveyed by the deed of April, 1883." A. C. Downing testified the

quitclaim deeds were made to enable the sisters to borrow money with which to buy the 40 acres, and that "we had promised to deed it to them." In answer to the question, "Why was it deeded to them;" he answered: "Because it was their money that bought it; that is the way we looked upon it; the money received for their own property that had been deeded to them; and, of course, we put it into that property, but we considered it their property. That was the consideration." This evidence is uncontroverted, and clearly shows that the estate in remainder, which had been entirely lost to one quarter and incumbered in the other, was the consideration for the conveyance. That it was valuable is not questioned. But it is insisted that the quitclaim deeds to the northwest quarter were in the nature of a gift, and divested the grantors of all the interest in the land. True, Mrs. Downing had no recollection of these nor of any agreement in relation thereto, but her testimony already mentioned refutes the notion that she had received the land from them as a gift. Her husband, who appears to have transacted the business, fully accounts for these deeds and the purpose of their execution. We are satisfied that W. E. and D. S. Downing and Mary E. Briggs had never conveyed their interest in the land to the life tenants as a gift, and that the deed of February 27, 1889, to the northwest quarter of section 17 and of the 40 acres, subject to the then existing mortgages, was no more than a restoration of what rightfully belonged to them. It was in fulfillment of a promise made long before, and without notice, on their part, of the claims of any creditor.

The court rightly dismissed the petition and its decree is AFFIRMED.