COLDREN LAND COMPANY, Appellee, v. LEA G. ROYAL ET AL., Appellants.

**Evidence:** ADMISSIONS OF PARTY. The testimony of several defendants previously taken is admissible as admissions in a subsequent creditor's suit against them, but must be confined in its operation to the party testifying, as the admissions of one defendant will not bind the others.

**Same:** HUSBAND AND WIFE: FRAUDULENT CONVEYANCES. While a promise of marriage may constitute a consideration for the agreement of a husband to pay money to his wife, still such an agreement must be clearly and distinctly shown, and in the instant case the evidence in the form of prior admissions is held insufficient to justify a finding that there was a valid agreement, as against creditors of the husband seeking to subject the fund to the satisfaction of their judgments against the husband.

**Same:** GIFTS. The fact that a gift from a husband to his wife, in fulfillment of a claimed antenuptial contract, is grossly disproportionate to his circumstances is sufficient for the court to deny recognition of it.

**Same:** CREDITORS' SUITS: COSTS. Where it was shown that a judgment debtor had transferred to his wife a sum of money without consideration and that she had loaned the same to another, also a party to a creditor's suit to reach the fund, the borrower could not complain of a decree directing him to pay the amount of the loan to the judgment creditors; but no fraud having been shown on his part he should have been allowed his costs, and upon a modification of the decree on appeal with respect to his costs below he should be allowed his costs on appeal.

**Appeal:** ABSTRACTS. An abstract making reference to certain exhibits rather than setting them out in full will not be stricken because not containing all the evidence, when the exhibits were not material to the determination of the case; nor will an amended abstract which is brief, comprehensible and caused no delay be stricken because unnecessary, not in proper form, and not filed within ten days after service of same.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

TUESDAY, NOVEMBER 24, 1908.

THIS is a proceeding by creditors' bill seeking to subject certain moneys to the payment of plaintiff's judgment. Decree for plaintiff for $700 and costs. The defendants appeal.—*Modified* and *affirmed.*

*J. T. Beem,* for appellants.

*John J. Ney,* for appellee.

EVANS, J.—The defendants in this case are Lea G. Royal, his wife, Mabel Royal, and his grandfather, Thomas Leader. The plaintiff is a judgment creditor of the first-named defendant in the sum of $2,613. In May, 1907, and while he was debtor to plaintiff in the amount above stated, the defendant Lea G. Royal paid to his wife the sum of $1,000; the same being substantially all the prop-

erty he had.   Of this sum, the wife loaned $700 to the
defendant Thomas Leader.   The plaintiff contends that
the money was received by the wife and grandfather in
secret trust for the principal defendant, and for the pur-
pose of defrauding his creditors.   The answer of each
defendant is a general denial.   The claim made in argu-
ment in their behalf, however, is that the $1,000 paid to
the wife was so paid in pursuance of a promise made by
the principal defendant before his marriage to his co-
defendant.   The marriage occurred in November, 1904.
This argument is based upon the alleged testimony of the
defendant Mabel Royal.   None of the defendants were
examined as witnesses on the trial either by the plaintiff
or on behalf of themselves.

At some date previous to the trial they had all been
examined in certain proceedings supplemental to execu-
tion which had been brought by the plaintiff under the
statute.   The examination of each was taken
at that time by the shorthand reporter of the
court and preserved.   On the trial of the
case at bar, the plaintiff put in evidence the examination
of each defendant as therein taken.   For that purpose the
plaintiff called the shorthand reporter, and she was per-
mitted to read into this record the testimony of each de-
fendant at that time.   This evidence was all properly
admitted, but its effect for the purpose of this case is
quite different from what it would have been if each had
testified to the same effect as a witness in this case.   The
former testimony of each defendant was admissible against
him in this case as an admission, and as such only.   As
such admission it can not be regarded as against any other
defendant.   The importance of this distinction will ap-
pear later in this opinion.

From the admissions of the defendant Lea G. Royal,
as so shown, it appears that he did turn over to his wife

1. EVIDENCE:
admissions of
a party.

the sum of $1,000. From the admissions of his wife shown in the same manner, it appears that she did receive from him the sum of $1,000. From such admissions of the wife it appears, also, that she loaned the defendant Thomas Leader $700 of that money. The admission of the wife is qualified to this extent: "It was an agreement between my husband and me. He was to give me $1,000 as a wedding present. He was to give it to me when that mortgage was paid. He gave it to me some time this spring." Her admission was further qualified by the statement that the promise of the wedding present was made from four to six weeks before the marriage, and that there was no sure promise of marriage at that time unless the $1,000 were paid. This is the testimony which furnishes the basis of appellant's argument to the effect that there was a valid consideration for the money paid, namely, a promise to pay in consideration of marriage. In view of the fact that this defendant failed to testify on that question in this case, it may well be doubted whether she is entitled to base upon her admission in the former examination a claim in the nature of an affirmative defense. Be that as it may, the statement as we find it in the record is not sufficiently definite, nor sufficiently corroborated, to justify the court in finding that the money in question was paid to her in pursuance of any definite promise in consideration of marriage, within the meaning of the law.

2. SAME: husband and wife: fraudulent conveyances.

It is urged by appellee that the promise, if made, was not valid because not in writing. Appellant replies that it is too late to raise the question of the statute of frauds after performance of the promise. Appellant might go further and raise the question whether the statute of frauds is available to third parties not privy to the contract. But we do not find it necessary to determine any of these questions. The fact that the law required such a contract to be in writing in order

3. SAME: gifts.

to be available to the parties themselves, and that the parties to this case failed to reduce the promise to writing, is a circumstance against them on the question of fact. It is conceded that the defendant husband had no other property. The amount therefore of the proposed gift was grossly disproportionate to his circumstances, and this alone is sufficient ground for the court to deny any recognition of it. *Gordon v. Worthley,* 48 Iowa, 429; *Elwell v. Walker,* 52 Iowa, 264; *Seekel v. Winch,* 108 Iowa, 104. For the purpose of this case therefore the transfer to the wife must be deemed voluntary and without consideration. It follows that the decree is supported as to these two defendants by their own admissions.

The court entered a judgment against the defendant Thomas Leader for $700 and for costs. We have already noted the fact that the admissions of the other two defendants were not admissible in evidence as against their codefendant Leader, except so far as it was necessary for the plaintiff to establish the liability of such two defendants preliminary to making any claim against this defendant. The only evidence therefore that there is in this record which connects the defendant Leader with the transaction in any way is his own admission, and which consists of the following, and no more: "I did have the $700 that this witness said she loaned to me, but I ain't got it now. I spent it. I owe it to her." There is nothing in this testimony upon which a charge of fraud or fraudulent knowledge can be sustained against this defendant. He has, however, no reason to complain of the decree so far as it ordered him to pay to the plaintiff the $700 otherwise owing by him to Mrs. Royal. To this extent the effect of the decree was to subrogate the plaintiff to the rights of Mrs. Royal, and the defendant Leader is in no manner hurt thereby.

4. SAME: creditors' suits: costs.

But we can find nothing in the record to justify a judgment for costs against this defendant. The decree

of the lower court therefore will be modified to this extent that the plaintiff shall not be entitled to recover costs of the defendant Leader and that the defendant Leader will be entitled to recover of the plaintiff his costs in both courts. As between the plaintiff and the other two defendants, these defendants shall be primarily liable for the costs in both courts. As so modified, the decree will be affirmed.

Appellee has filed a motion to strike appellant's abstract because it shows upon its face that it does not contain all the evidence. But appellants' abstract does purport

5. APPEAL: abstracts.

to contain it all. It is true that reference is made therein to certain exhibits, which are described in the abstract, but are not copied. We are unable to see that the exhibits are material to any question presented to us on this appeal.

Appellants counter with a motion to strike appellee's amended abstract on the ground that the same was unnecessary, and that it was not in proper form, and that it was not filed within ten days after service of the abstracts. The amended abstract is very brief, is easily comprehended, and caused no delay in the submission of the case. Both of the above motions were submitted with the case. Both are now overruled.

*Modified* and *affirmed.*