WALTER C. HOLLIDAY, Appellant, v. VIOLET M. HEPLER et al., Appellees.

No. 40970.

NOVEMBER 24, 1931.

Wilson & Kellam, for appellant.

D. A. Crowley and Higbee & McEniry, for appellees.

FAVILLE, C. J.—The appellee Violet M. Hepler is the adult unmarried daughter of her co-appellees D. J. Hepler and Katherine Hepler. At the time of the transactions referred to in this opinion, and for substantially the greater portion of her life prior thereto, she had resided at home with her parents. The appellant is the brother of said Katherine Hepler. On or about September 2, 1921, the appellant loaned $700 to the appellee D. J. Hepler, who gave his note for that amount due March 1, 1922. The note was not paid when due. Appellant brought suit on said note, and on January 9, 1930, obtained judgment against D. J. Hepler in the sum of $936.28. Appellant caused a general execution to issue on said judgment and the same was returned *nulla bona*. On March 7, 1930, the appellant brought this action in equity in the nature of a creditor's

bill to set aside a certain conveyance of real estate and a transfer of certain personal property from the appellee D. J. Hepler to his daughter, the appellee Violet M. Hepler, which transfers were made on or about the 24th day of July, 1928. The appellant alleges that said transfers were made without consideration and with a fraudulent intent to hinder, delay, and defraud the appellant in the collection of his said judgment. The appellees answered with a pleading which is in effect a general denial with certain admissions.

On and prior to the date of said transfer the appellee D. J. Hepler was the owner of 160 acres of land, which he and his wife conveyed on said date by warranty deed to the appellee Violet. The consideration recited in said deed is one dollar and other valuable consideration. On the same date the appellee D. J. Hepler was the owner of personal property which he then transferred by bill of sale to the appellee Violet, said bill of sale likewise reciting a consideration of one dollar and other valuable consideration. Said deed recited that said premises were free and clear of all liens and encumbrances whatsoever "except the mortgages now of record." The said bill of sale described 44 head of cattle, 100 head of hogs, and 5 head of horses.

On or about June 12, 1930, the appellee D. J. Hepler and his daughter Violet were cited to appear for examination on summary proceedings, and each testified at said time. They were also both witnesses upon the trial of this cause. There are in the record inconsistencies and contradictions in their testimony which it is difficult to reconcile. The record is voluminous and we shall content ourselves with a brief statement of our conclusions rather than with an attempted review of all the evidence in the case. We think the evidence abundantly establishes the fact that the transfers in question were not voluntary; in other words, that there was a valuable consideration for the same. It appears from the record that in 1918 the appellee D. J. Hepler gave his daughter Violet a heifer, which was kept upon the farm upon which the family lived, and that the increase from this heifer, together with other cattle that had been purchased by the daughter, made a total herd of about 30 head of cattle in the spring of 1928. Violet began teaching school in September of 1919, at that time receiving $75 a month

wages and living at home where her board and room were free. She continued to teach school thereafter. Her wages were increased and it fairly appears that from 1919 to 1928 inclusive she earned about $7400 as a teacher. After Violet began teaching in 1919, and up to about July 12, 1924, she had loaned to her father various sums of money out of her wages. Some account was kept in a book, but the method of bookkeeping employed was by no means a model. However, it does appear that there was a settlement had between the father and daughter on the 12th of July, 1924, at which time he executed and delivered to her a note of $1500, which was payable on demand. We are satisfied from the evidence that this note represented money actually due from the said D. J. Hepler to Violet. Thereafter it appears the appellee Violet continued to loan her father further sums of money out of her earnings, and another settlement was made between the parties on or about May 18, 1926, at which time the said D. J. Hepler executed and delivered to Violet another note for $1130, due on demand. From and after the execution of said note and prior to the transfers in question, it is the contention of the appellee Violet that she furnished money for her father for various purposes, the total of which amounted to $555. The evidence tends to sustain her contentions in regard to this. Each of said notes bore interest at six per cent, and it thus appears that on the date of the transfer, to wit, July 24, 1928, the appellee D. J. Hepler was owing the said Violet in round numbers approximately $3700 for borrowed money.

At the time of the transfer there was a first mortgage of $14,000 on said quarter section of land and a second mortgage of $4,000, and these mortgages, with the accrued interest at said time, amounted to approximately $18,250. Much evidence was offered with regard to the value of the farm at the time of the transfer in question. Appellant's witnesses estimated the value of the real estate at from $135 per acre to $160 per acre. Of appellees' witnesses, four placed the value at $100 per acre and one at from $100 to $125 per acre. In a rough way it may be said that, under the record, the mortgages and accrued interest on the farm and the approximately $3700 due to Violet made a total indebtedness of approximately $22,000 at the time of the transfer. Appellant alleged in his petition that the real estate

at the time of the transfer was of the value of $20,000. Under the evidence, which necessarily is somewhat problematical and conjectural as to value, this amount is not far from the value of the farm on the date of the transfers. It is therefore apparent that the value of the real estate did not equal the amount due on the mortgages and the indebtedness due from D. J. Hepler to his daughter at the time of the transfer.

As previously stated, the bill of sale covered certain personal property. There is some evidence in the record with regard to a prior agreement between the daughter and her father to sell 30 of the cattle that belonged to the daughter to the father for $1,000. This, however, had not been paid by the father. As we understand the record, said cattle were included in the bill of sale to Violet and under such circumstances the appellee D. J. Hepler would be owing an additional $1,000 to Violet. It is exceedingly difficult to tell from the record the exact indebtedness of D. J. Hepler to Violet or the value of the property which D. J. Hepler transferred to Violet in satisfaction of that indebtedness. It does appear satisfactorily, however, that Violet was a bona-fide creditor of D. J. Hepler's and the latter had a legal right to convey his property to her and to prefer her as a creditor. Harvey v. Phillips, 193 Iowa 231; Farmers Loan & Trust Co. v. Scheetz, 196 Iowa 692; Shea v. Keith, 200 Iowa 300.

There is no such disparity between the value of the property and the amount of indebtedness due the grantee as to brand the transaction as fraudulent. It is quite impossible from the record to make anything like a strict accounting between the grantor and grantee. We hold that the grantee was a bona-fide creditor of the grantor's; that the transfer was not voluntary, but was for an adequate consideration; and that there is no such discrepancy between the value of the property conveyed and the amount of indebtedness due the grantee as to brand the transfer as fraudulent.

Much is said in argument as to whether or not the homestead of the grantor and certain personal property were exempt to the grantor. It is a well established rule that a creditor cannot complain of the transfer of exempt property, because he could in no event subject the same to the satisfaction of his claim. In the instant case, even though we consider the value

of the exempt property and apply it with the value of the other property upon the grantee's indebtedness, it does not show such excessive value of the property conveyed as to require that the deed in question be set aside and the real estate subjected to the payment of appellant's judgment. This is the only relief sought by appellant.

No new or doubtful question of law is involved in the case. From a careful examination of the entire record we reach the conclusion that the evidence fails to show that the deed in question was executed with a fraudulent intent to hinder, delay, and defraud creditors of D. J. Hepler, and it follows that it has not been successfully impeached and cannot upon this record be vacated and set aside. Our conclusion coincides with that of the lower court and the decree appealed from must therefore be, and it is,—Affirmed.

EVANS, MORLING, KINDIG, and GRIMM, JJ., concur.