L. A. ANDREW, Superintendent of Banking, Receiver, D. W. BATES, Substituted Plaintiff, Appellant, v. B. F. NABHOLZ et al., Appellees.

No. 42475.

DECEMBER 4, 1934.

Tobin, Tobin & Tobin, Allen Smith, and Edward L. O'Connor, Attorney-general, for appellant.

John L. Cherny, for appellees.

CLAUSSEN, J.—Appellant, receiver of Farmers State Bank of Brandon, holds judgments against B. F. Nabholz on notes and stock assessment in substantial sums.

Appellee Mabel Zimpfer is a daughter of B. F. Nabholz and Abbie B. Nabholz.

In the year 1921 Mabel Zimpfer loaned various sums of money to her father. The total amount of such loans is $900. That such loans were made is not subject to doubt. The checks representing all items, except one advance of $21.50, are in the record. They all bear evidence of having cleared in the usual manner. It appears that on March 30, 1926, B. F. and Abbie Nabholz gave their daughter Mabel a note for $900, bearing interest at the rate of 4 per cent to evidence these loans. The note is in the record. On December 22, 1931, B. F. and Abbie Nabholz executed a deed conveying the west 30 acres of the N.W. 1/4 N.W. 1/4 section 36, township 87 north, range 10 west of the 5th P.M., to their daughter Mabel for the recited consideration of $1,330. At the time the deed was executed, the amount due on the note was just about the amount of the recited consideration. This deed was recorded by the father and then delivered to the daughter.

In the present action the receiver seeks to set aside this deed on the ground that it was in fraud of him as a creditor. The obligations which form the basis of the judgments held by the receiver were in existence when the deed was executed and delivered. At the time of making the deed the grantors were hopelessly insolvent.

The evidence establishes that the 30 acres of land conveyed to the daughter were worth in the neighborhood of $1,500. The amount due the daughter at that time was about $1,330.

Upon the trial, the lower court refused to set aside the deed.

An insolvent debtor has the right to prefer a creditor in good faith. There must be a bona fide indebtedness. The transaction must be in good faith and not alone for the purpose of defrauding or hindering and delaying creditors. The fact that the creditor is the daughter of the debtor does not destroy the right to prefer, had in the case of other creditors. Holliday v. Hepler, 213 Iowa 488, 239 N.W. 66; Johnson v. Warrington, 213 Iowa 1216, 240 N.W. 663; Pike v. Coon, 217 Iowa 1068, 252 N.W. 888; Commercial Savings Bank v. McLaughlin, 203 Iowa 1368, 214 N.W. 542; Clark v. Clark, 209 Iowa 1179, 229 N.W. 816. The record discloses but slight difference between the amount due the daughter and the value

of the property conveyed to her. The deed cannot be set aside on account of such difference. Pike v. Coon, supra.

In so far as the deed to the daughter is concerned, the action of the trial court is sustained by the law and the facts.

So far as the deed to the son F. W. Nabholz is concerned, the fact situation is very materially different, although the rights of the parties are governed by the general principles announced above and are controlled by the cases cited.

The consideration upon which appellees endeavor to support the deed to the son is services alleged to have been performed by the son during the years 1927 to 1931, inclusive. It is claimed that the son was employed to work for the father at $50 per month during the first several years and at the rate of $40 per month during the later years. The record satisfies us that the son was employed during the year 1927 at $50 per month. It also satisfies us that his wages for this year were paid to him. The record satisfies us that at some time during these years a new arrangement was made between the father and the son in relation to the services rendered by the son in the operation of the farm, by which the son drew checks upon his father's account for his needs as well as for many things that he desired. Just what the character of the agreement was is not established by the evidence, but the record satisfies us that the original contract of employment was superseded by a new arrangement. The records of the father were introduced in evidence. That these records have been tampered with is not open to doubt. The record indicates that the son was employed early in 1927 at $50 per month. The first entry in the record of disbursements for the year 1928 is an item covering the son's wages. The items in the record are all in lead pencil. The original item showed the payment of $600 to the son, but written in following the $600 item is a notation "not payed". This notation is written with another lead pencil. Other notations in the books showing that the son had wages due him are all written in the most peculiar places, for instance, in the printed headings of the pages or in the printed headings of tabulations. A fairly careful examination of the lead pencil entries in the body of the records, as distinguished from the printed headings, and space surrounding such printed headings, discloses only two items relating to the son and these show the payment of money to the son. At one time the son purchased a car. At this time the father owed the son substantial sums of money, if

appellees' version of the matter is true, and still at the time the car was purchased the son gave the father his note secured by mortgage on the car for the purchase price of the car which was advanced by the father. That the son had arrangements by which he drew checks on his father's account is abundantly established. That he drew checks for his personal requirements is certain. No credit is allowed on wages for such checks, nor is their total amount shown. The father and son indicate that they had a sort of partnership arrangement between them but that it only existed for a short time. In view of the whole record, and especially the evident falsification of the accounts introduced in evidence, we are satisfied that the deed given by the father and mother to the son was without consideration and was given to defraud the father's creditors.

In this situation the deed to the son F. W. Nabholz should have been set aside by the trial court.

We should perhaps note that, in the spoliation of the records introduced in evidence, entries appear to have been inserted for the purpose of strengthening the claim of the daughter. Notwithstanding such alterations and additions to the records, we are convinced that the claims of the daughter have been fully established by the evidence.

The cause is remanded to the trial court for the entry of a decree conforming to the findings announced herein.—Affirmed in part, reversed in part, and remanded, with directions.

MITCHELL, C. J., and ANDERSON, KINTZINGER, DONEGAN, and STEVENS, JJ., concur.