Wells v. Kindler.

---

W. A. WELLS, APPELLANT, V. JOHN KINDLER ET AL., APPELLEES.

FILED MAY 15, 1914. No. 17,697.

Fraudulent Conveyances: GIFT TO DEBTOR'S WIFE. Where a father, in making a gift of land to his children, knows that one of his sons is in debt, and that a gift to him would inure to the benefit of his creditors, he may lawfully convey the portion, which he would otherwise have conveyed to such son, to the wife of the latter, and in such case the wife takes the title free from the lien of any judgments outstanding

against her husband. Such act being a purely voluntary act on the part of the parent, the question of the *bona fides* of the transaction, so far as it relates to the judgment creditors of the son, does not arise.

Appeal from the district court for Butler county: George F. Corcoran, Judge. *Affirmed.*

*Roper & Fuller,* for appellant.

*Matt Miller, contra.*

Fawcett, J.

The petition alleges, substantially, that plaintiff obtained a judgment in the county court of Butler county against defendant John Kindler, which he caused to be transcripted to the district court for that county; that he caused execution to be issued upon the judgment as transcripted, which was returned *nulla bona*; that while defendant John Kindler has no real estate in Butler county, or in any other county in Nebraska, the title to which stands in his own name, and upon which such writ of execution could be levied, he is, in fact, the real and actual owner of an undivided one-eleventh interest in a quarter section of land, which is described in the petition; that plaintiff caused the writ to be levied on such interest, but is prevented from selling the same under the execution, for the reason that the title stands in the name of defendant Etta L. Kindler, the wife of John; that Etta L. received the deed, under which she obtained her title, after the filing by plaintiff of his transcript in the district court; that defendant John paid the consideration for the deed, and that the deed was made to his wife, Etta, wrongfully and fraudulently, and with intent to hinder and delay and defraud plaintiff and John's other creditors. The prayer is that the deed be canceled and annulled in so far as the same concerns or affects the title of John, or vests the same in his wife; that she be decreed to hold the title in trust for John and his creditors; that plaintiff's judgment be decreed a first lien on the undivided one-eleventh interest in the land designated; and that the same be sold for the satis-

faction of plaintiff's judgment.  The answer was a general denial.  The district court found for the defendants, decreed that the judgment was no lien upon the land, and dismissed plaintiff's action, with costs.  Plaintiff appeals.

The evidence shows the transcript of the judgment, that the judgment is unpaid, the execution that was issued and the return thereon, and the levy upon the one-eleventh interest in the land.  Plaintiff then introduced in evidence a deed from August Kindler and Augusta Kindler, which recites: "For and in consideration of the sum of one dollar cash in hand paid, and for love and affection I have for each of my children, Charles F. Kindler, August H. Kindler, George E. Kindler, Edward S. Kindler, Frederick William Kindler, Louis L. Kindler, Samuel B. Kindler, Frank B. Kindler, William R. Kindler, Albert C. Kindler, and my daughter-in-law, Etta L. Kindler, wife of my son John E. Kindler, do hereby grant, bargain, sell, convey and confirm unto the same, of the county of Butler and state of Nebraska, the following described real estate situated in Butler county, and state of Nebraska, to wit."  The premises are then described.  The deed contains this provision:  "Subject to a mortgage of two thousand ($2,000) dollars on this and other lands, which mortgage was assumed by the grantee herein and is a part of the consideration for the purchase price of said land.  The use and occupancy of said lands to be retained by me so long as I shall live."  The only other evidence offered was a stipulation in the following language, as shown by plaintiff's abstract:  "It is admitted between the parties hereto that the deed offered in evidence is the deed made by the father, August Kindler, and his wife, Augusta Kindler, to each of his sons and to his daughter-in-law, the defendant Etta L. Kindler, in this action, subject to a life lease of August Kindler."  No other evidence was offered by either side.

It is contended by plaintiff that the judgment must be reversed for the reason that plaintiff made out a *prima facie* case, and that the burden was then shifted to the defendants, and that defendants failed to plead the *bona*

*fides* of the transaction, and to introduce evidence in support thereof. Numerous authorities are cited on the question of transactions between relatives, and that, where a deed is made by third parties to the wife of a judgment debtor, the law will presume that the consideration was paid by the husband, and that the burden rests upon the wife to prove the *bona fides* of the transaction; that is, that the consideration was paid by her, or by some person other than her husband. There is no doubt about the soundness of the rule contended for as a general rule, and the authorities cited cannot be questioned; but this rule, like all other general rules, has its exceptions. That a father may make a gift of his land to his children cannot be doubted, and if, when he desires to distribute a part of his estate among his children, he knows that one of his sons is in debt, and that if he gives the land to him it can be taken by his creditors, he has an undoubted right to convey the land to the son's wife, thereby securing to the family of his son the fruits of his patrimony. It is said the defendant offered no evidence. In this counsel is in error. The stipulation above quoted contains ample evidence that the transaction was a gift by August and Augusta Kindler to their eleven children; but, for the purpose of saving to the family of the son John his interest in the gift, the deed was made to John's wife. In this there is not even a semblance of fraud.

The district court, therefore, rightly held that plaintiff's judgment was not a lien upon Mrs. Kindler's interest in the land in question, and in dismissing plaintiff's suit.

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.